# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FILED
OCT 2 6 2001



**JAMES OWENS**
5424 Del Rey Drive
Colorado Springs, CO 80918
    Plaintiffs

v.

**REPUBLIC OF SUDAN**
Ministry of External Affairs
People's Palace
Khartoum, Sudan
  and
**THE ISLAMIC REPUBLIC OF IRAN**
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran
  and
**THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY**
Pasdaran Avenue
Golestan Yekom
Tehran, Iran
    **Defendants**

CASE NUMBER 1:01CV02244

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 10/26/2001

## COMPLAINT

(1) This action is brought by the Plaintiff, James Owens, by counsel, in his individual capacity pursuant to the Anti-Terrorism Amendments to the Foreign Sovereign

Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2)The Plaintiff in this action is a citizen of the United States who suffered severe injury as a result of a the terrorist attack upon the Embassy of the United States located in Dar Es Salaam, Tanzania on August 7, 1998, which attack was carried out by Khalafan Khamis Mohamed, a member of the al Qaeda terrorist group, headed by Usama Bin Laden, which group, together with the Lebanese terrorist group Hezbollah, was given, inter alia, cover, sanctuary, technical assistance, explosive devices and training by the Defendants, The Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Republic of Sudan. As a result of these actions, as herein more fully set forth below, a number of Tanzanian nationals were killed and injured and a number of American citizens were injured. The Plaintiff was at all times relevant to this Complaint, an American National as that term is defined in section 101(a)(22) of the Immigration and Nationality Act. The Plaintiff was not an employee of the United States nor a representative of the United States in any official capacity at the time of the events alleged herein.

(3) The Defendant, The Islamic Republic of Iran, and the Defendant, Republic of Sudan, are foreign states which were at the time of the acts hereinafter complained of and are to the present designated as state sponsors of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the nationals of the United States, by and through provision of material support to various terrorist organizations including al Qaeda and the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as, "an Islamic freedom fighting movement", which views any part of the Near East under the control of the State of Israel as "occupied land" and any presence of the United States as contrary to the religious beliefs of its members. It advocates the expulsion of the United States from the Near East, and is committed to violent action to that end and, to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States. At the time of the acts, which give rise to this action, Hezbollah was under the complete operational control of those Defendants, through Iranian Revolutionary Guards units.

---

[1] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**

(6) The Defendant, Republic of Sudan, entered into an arrangement with the Republic of Sudan under which it received shelter and protection from prosecution, or attack as to activities within the Sudan which included an organizational and planning meeting of Usama Bin Laden and Mughaniyah, chief of Hezbollah, with the purpose of carrying out the attacks upon the embassies of the United States in Dar Es Salaam, Tanzania and Nairobi, Kenya, which attacks were carried out on August 7, 1998.

(7) Acting upon its knowledge of the attacks about to be carried out by those with whom it had conspired, the Defendant, The Islamic Republic of Iran, withdrew its diplomatic personnel from both Dar Es Salaam and Nairobi on August 6, 1998. The attack was then carried out against the American embassies in both locations. At Dar Es Salaamand, the American embassy was attacked through detonation of materials in a truck including TNT, acetelyne cylinder tanks, bags of nitrate fertilizer and a detonator. The Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah operated with high level technical expertise in the use of explosives which would not have been available in the absence of Iranian participation.

(8) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards and the Defendant Ministry of Information. The

above referred to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

## COUNT I

## CLAIM OF JAMES OWENS FOR PERSONAL INJURY

(10) Plaintiff, James Owens, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(11) On August 7, 1998, when the explosive device described above was detonated, James Owens suffered severe and permanent injuries, including a permanent loss of hearing, blast burns, severe lacerations which have resulted in scarring and permanent, severe post traumatic stress disorder. These injuries were caused by a willful and deliberate act of persons who had been materially assisted for the purpose on inflicting physical injuries upon this Plaintiff and others and by so doing to intimidate the United States, to cause its withdrawal from the Near East and Africa. Those agents were at all times acting with the material support of the Defendants and with the concurrence of the Defendants, the Islamic Republic of Iran, the Republic of Sudan and the Iranian Ministry of Information and Security.

(12) As a direct and proximate consequence of the intentional acts of the agents of the Defendants, James Owens suffered severe physical injuries requiring extensive medical treatment, nursing care, and other treatment, for which he has been required to expend funds, has occasioned a loss of wages and has endured

great pain and suffering, and has thereby suffered damages in the amount of $10,000,000.00.

**WHEREFORE,** Plaintiff, James Owens, demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran, the Republic of Sudan and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS** ($10,000,000.00), besides costs.

### COUNT II
### INTENTIONAL INFLICTION OF MENTAL DISTRESS/SOLATIUM CLAIM
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(13) Plaintiff James Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(14) As a direct and intended consequence of the actions of the Defendants, The Islamic Republic of Iran, The Republic of Sudan and the Iranian Ministry of Information and Security, the Plaintiff, James Owens, suffered severe mental distress, which has required continuing treatment, which will continue for the balance of the Plaintiff's life, and he has thereby suffered damages in the amount of twenty million dollars.

**WHEREFORE,** Plaintiff, James Owens, demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran, the Republic of Sudan and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS** ($20,000,000.00), besides costs.

### COUNT III
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 ( C )

(15) Plaintiff, James Owens, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(16) The actions carried out with the material support, knowledge and assistance of the Defendants, the Islamic Republic of Iran, the Republic of Sudan and the Iranian Ministry of Information and Security, by their agents as described above, were malicious, willful, unlawful, and in wanton disregard of life and the standards of law which govern the actions of civilized nations. The injuries and loss of life, as above described, were intended as a result by each Defendant. The actions, of those who carried out the attack described, were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the plaintiff is thereby entitled to punitive damages.

**WHEREFORE,** the Plaintiff prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran, The Republic of Sudan and The Iranian Ministry of Information and Security, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

Date: 10/26/2001

Respectfully submitted,

*[signature]*

THOMAS FORTUNE FAY
Unified Bar No. 23929
601 Pennsylvania Avenue, NW
#900 - South Building
Washington, D.C.  20004
(202) 638-4534

*[signature]*

STEVEN R. PERLES
Unified Bar No. 326975
1615 New Hampshire Avenue, NW
Washington, DC 20009
(202) 745-1300

Attorneys for Plaintiff