UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | ( |
| | ( |
| Plaintiffs, | ( |
| | ( |
| vs. | ( Civil Action No. 01-2244 (JDB) |
| | ( |
| REPUBLIC OF SUDAN, et al., | ( |
| | ( |
| Defendants. | ( |

## MOTION TO STAY PROCEEDINGS

Subject to and without waiving the defenses and objections contained in their previously filed Motion to Dismiss and Memorandum of Points and Authorities in support thereof, the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan (collectively "Sudan") respectfully move for an Order staying all discovery and other proceedings in this matter (except for proceedings necessary to the resolution of Sudan's potentially dispositive defenses, including its claim to complete immunity from these proceedings pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. 1602 *et seq.*), pending the Court's ruling on those defenses.

Sudan further requests that any attempt by plaintiffs to conduct discovery to respond to Sudan's evidence of immunity and lack of jurisdiction under 28 U.S.C. 1605(a)(7) be denied. If, however, the Court is inclined to grant such a request over Sudan's objection, then Sudan would request that such discovery, and any decision on that jurisdictional fact dispute, be deferred until the Court has resolved all of Sudan's other potentially dispositive defenses and objections that do not involve discovery.

A Memorandum of Points and Authorities in support of this Motion is submitted herewith.

Counsel for defendants conferred with plaintiffs' counsel in an effort to determine whether there were any areas of agreement concerning this motion, but no such agreements or narrowing of issues could be reached, and this motion is opposed by plaintiffs.

Respectfully submitted,

John F. Dienelt
Bar No. 110742
Don C. Lewis
Bar No. 403434
Martin T. Lutz
Bar No. 427634
PIPER RUDNICK LLP
1200 19th Street, N.W.
Washington, D.C. 20036
(202) 861-3900

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | ( |
| Plaintiffs, | ( |
| vs. | ( Civil Action No. 01-2244 (JDB) |
| REPUBLIC OF SUDAN, et al., | ( |
| Defendants. | ( |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>MOTION TO STAY PROCEEDINGS</u>

The Republic of the Sudan and its Ministry of Interior ("collectively Sudan") submit this Memorandum of Points and Authorities in support of their motion for an Order staying all discovery and other proceedings in this matter pending the court's ruling on Sudan's claim to immunity pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. 1602 *et seq.* ("FSIA"), as well as Sudan's other potentially dispositive defenses. Sudan submits that a stay is necessary in order to effectuate the unique protections afforded foreign sovereign defendants by the FSIA.

I.  This case should be stayed pending the court's ruling on all of Sudan's potentially <u>dispositive defenses.</u>

Sudan has asserted its entitlement to complete immunity from these proceedings under the FSIA, both as a matter of fact and as a matter of law. See 28 U.S.C. 1604. "Under the [FSIA], a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Sudan has also asserted a number of other potentially dispositive defenses, including failure to state a claim,

1

defenses under the Act of State and Political Question doctrines, and failure to join a party under Rule 19.

All of these defenses should be ruled upon before Sudan is required to endure the rigors of the litigation process. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493-94 (1983) ("At the threshold of every action in a district court against a foreign state ... the court must satisfy itself that one of the [FSIA] exceptions applies...."). Any other procedure would carry the risk that Sudan would be forced to go through the litigation process and later found to have been immune from the process, or otherwise entitled to dismissal, all along. Such a result would undermine the very point of the immunity afforded to foreign sovereigns by the FSIA, and would be contrary to the special protections given sovereigns by the courts in this context. *Foremost-McKesson v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990) (to preserve the full scope of sovereign immunity, a trial court must make the "critical preliminary determination" of subject matter jurisdiction as early as possible; deferring the question would "'frustrat[e] the significance and benefit of entitlement to immunity from suit.'") (citation omitted); *Segni v. Commercial Office of Spain*, 816 F.2d 344, 347 (7th Cir. 1987) ("A foreign government should not be put to the expense of defending what may be a protracted lawsuit without an opportunity to obtain an authoritative determination of its amenability to suit at the earliest possible opportunity.").

The protections afforded foreign sovereigns under the FSIA are unique in their strength. The doctrine of sovereign immunity, as codified in the FSIA, is not merely a matter of defense to the ultimate imposition of liability. Rather, by depriving the court of subject matter jurisdiction,

it protects the sovereign against having to participate in United States legal proceedings at all.[1]

As the above-cited cases indicate, the courts hold that a foreign state, accused of an act subjecting it to jurisdiction under the FSIA, must be given the opportunity to meaningfully assert and receive the benefit of its immunity protection before trial. The above-cited cases also indicate that the courts have been very careful not to conduct litigation in a manner that subjects a potentially immune foreign sovereign to the rigors of litigation before the immunity question is resolved, as that would be contrary to the entire point of the immunity doctrine. Accordingly, the court should not require Sudan to go through pre-trial processes, such as discovery, unless and until the court has determined that none of Sudan's potentially dispositive defenses has merit. *See Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 305 (9th Cir. 1997) ("Subject matter jurisdiction under the FSIA ... must be decided before the suit can proceed."); *Johnson v. New York University School of Education*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate pending resoution of potentially dispositive motion); *In re Akropan Shipping Corp.*, 1990 U.S. Dist. Lexis 1545 (S.D.N.Y. 1990) (staying all substantive discovery pending resoution of defendants' FSIA motion).

> II.  The court should not allow discovery on the jurisdictional fact dispute presented in this case; in the alternative, such discovery should not be allowed unless and until the court has rejected all of Sudan's other potentially dispositive defenses, <u>which do not require discovery for their adjudication.</u>

Where, as here,[2] the sovereign defendant raises a dispute as to a fact upon which application of an immunity exception relies, the trial court may not simply assume the truth of

---

[1] *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir 2000); *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 847, 849 (5th Cir. 2000); *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990); *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1544-45 (D.C. Cir. 1987).

[2] *See* Section II.A of the Sudan defendants' brief in support of motion to dismiss.

3

that alleged fact but instead must resolve it, before trial. *Phoenix Consulting*, 216 F.3d at 40-41. And in the process of resolving the fact dispute, the trial court must avoid the risk of burdening a sovereign that may prove to be immune and thus should "carefully control[] and limit[]" any procedures that it employs to resolve the dispute. *Phoenix Consulting, id.* at 40; *see also In re Papandreou*, 139 F.3d at 253; *Arriba Limited v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992); *Foremost-McKesson*, 905 F.2d at 449; *Gabay v. Mostazafan Foundation of Iran*, 151 F.R.D. 250, 256-57 (S.D.N.Y. 1993).

Plaintiffs seek to invoke the exception to FSIA immunity found in 28 U.S.C. 1605(a)(7). Sudan asserts, *inter alia,* that it is not within the 1605(a)(7) exception for the simple reason that it did not engage in any of the acts listed in 1605(a)(7). Sudan has submitted evidence (1) not only that the allegations contained in the Second Amended Complaint are false, but also (2) that Sudan repeatedly attempted to engage the United States in order to *assist* it in counter-terrorism activities. This evidence establishes at least a *prima facie* case of entitlement to immunity under 28 U.S.C. 1605(a)(7). Should the court wish to proceed any further, it should first require plaintiffs to come forward with proof sufficient to rebut Sudan's *prima facie* showing. *Phoenix Consulting*, 216 F.3d at 40; *see also Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 708 n.9 (9th Cir. 1992); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 n.6 (5th Cir. 1989).

Plaintiffs may ask to conduct discovery on this jurisdictional fact dispute before the court decides the issue. Sudan contends that it would be inappropriate to allow plaintiffs to conduct such discovery. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (immunity defense may be decided prior to discovery, in keeping with the purpose of immunity to protect against the burdens of litigation); *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996)

4

(refusing to allow jurisdictional discovery against person entitled to sovereign immunity as such would frustrate the significance and benefit of entitlement to sovereign immunity); *Burnett v. Al Baraka Investment and Development Corp.*, 292 F. Supp. 2d 9, 15-16 (D.D.C. 2003) (same); *Granville Gold Trust v. Commissione del Fallimento*, 928 F. Supp. 241, 244 (E.D.N.Y. 1996) (refusing to allow jurisdictional discovery against a foreign state until plaintiffs had made a *prima facie* showing of jurisdiction). A foreign sovereign should not be made to endure a fishing expedition, and if the plaintiffs had a good faith basis to bring these claims against Sudan to begin with, then presumably they need no discovery in order to submit proof in response to Sudan's motion to dismiss.

If, however, the court is inclined to grant a request by plaintiffs for jurisdictional discovery, in no event should the court do so unless all of Sudan's potentially dispositive defenses that can be determined without the conduct of discovery have been rejected by the court. The rule in this Circuit is that, in order to protect sovereign immunity and not unduly burden the sovereign defendant, the trial court must not allow discovery concerning a disputed jurisdictional fact until the court has ruled upon all other potentially dispositive arguments made by the sovereign, for which discovery is not needed. *Phoenix Consulting*, 216 F.3d at 40; *Papandreou*, 139 F.3d at 253-56; *see also Global Index, Inc. v. Mkapa*, 290 F. Supp. 2d 108, 116 n.9 (D.D.C. 2003); *BPA International, Inc. v. Sweden*, 281 F. Supp. 2d 73, 86 (D.D.C. 2003); *Marra v. Papandreou*, 33 F. Supp. 2d 17, 20 (D.D.C. 1999). The potentially dispositive defenses for which no discovery is required are those discussed in Sudan's brief in support of motion to dismiss at sections II.B; III; IV; V; and VI.

5

III.     Conclusion.

Accordingly, Sudan submits that the following procedure should be followed by the court:

1.     A stay of proceedings be imposed, except for briefing necessary to resolve Sudan's claim to sovereign immunity and all of Sudan's other potentially dispositive defenses, which stay would be imposed until decision by the court on each of those defenses.

2.     If plaintiffs do not ask to conduct discovery to respond to Sudan's evidence of immunity and lack of jurisdiction under 28 U.S.C. 1605(a)(7), then the court after briefing should decide all of Sudan's potentially dispositive defenses and objections.

3.     If plaintiffs do ask to conduct discovery to respond to Sudan's evidence of immunity and lack of jurisdiction under 28 U.S.C. 1605(a)(7), and if the court is inclined to grant such a request over Sudan's objection, then such discovery, and any decision on that jurisdictional fact dispute, should be deferred until the court has resolved all of Sudan's other potentially dispositive defenses and objections that do not involve discovery.

Respectfully submitted,

John F. Dienelt
Bar No. 110742
Don C. Lewis
Bar No. 403434
Martin T. Lutz
Bar No. 427634
PIPER RUDNICK LLP
1200 19th Street, N.W.
Washington, D.C. 20036
(202) 861-3900

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | ( |
| Plaintiffs, | ( ( ( |
| vs. | ( Civil Action No. 01-2244 (JDB) |
| REPUBLIC OF SUDAN, et al., | ( ( ( |
| Defendants. | ( |

## ORDER

On this day came on to be considered the motion for stay of proceedings filed by defendants the Republic of the Sudan and Ministry of Interior of the Republic of the Sudan ("Sudan"). The court has considered the motion and arguments of all counsel and is of the opinion that the motion is meritorious. It is therefore ORDERED that all proceedings in this matter be and hereby are STAYED pending briefing on and resolution of the potentially dispositive defenses previously made by Sudan in its motion to dismiss.

_____
PRESIDING JUDGE

COPIES TO:

Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, N.W.
No. 900 -- South Building
Washington, D.C. 20004

Rhonda C. Fields, Esq.
Assistant U.S. Attorney
United States Department of Justice
555 4th Street, N.W.
10th Floor
Washington, D.C. 20530

Steven R. Perles, Esq.
1615 New Hampshire Avenue, N.W.
Suite 200
Washington, D.C. 20009

John F. Dienelt, Esq.
1200 19th Street, N.W.
Washington, D.C. 20036

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Motion for Stay, Memorandum of Points and Authorities in support thereof, and proposed Order to be served upon the following counsel by hand delivery on this 16th day of March 2004:

Thomas Fortune Fay, Esq.
601 Pennsylvania Avenue, N.W.
No. 900 -- South Building
Washington, D.C. 20004

Rhonda C. Fields, Esq.
Assistant U.S. Attorney
United States Department of Justice
555 4th Street, N.W.
10th Floor
Washington, D.C. 20530

Steven R. Perles, Esq.
1615 New Hampshire Avenue, N.W.
Suite 200
Washington, D.C. 20009

_____