UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMES OWENS, et al.,          (
                              (
    Plaintiffs,           (
                              (
    v.                    (    Civil Action No. 01-2244 (JDB)
                              (
REPUBLIC OF SUDAN, et al.,    (
                              (
    Defendants.           (

**MOTION OF HUNTON & WILLIAMS LLP TO WITHDRAW AS COUNSEL
FOR DEFENDANTS THE REPUBLIC OF THE SUDAN AND
THE INTERIOR MINISTRY OF THE REPUBLIC OF THE SUDAN**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and LCvR 7 and LCvR 83.6 of the Rules of this Court, the law firm of Hunton & Williams LLP ("Movant"), asks that the firm and its attorneys be permitted to withdraw as counsel for the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan (collectively "Sudan").

Movant has sought Sudan's consent to this withdrawal,[1] but has not received a response. Also, although Movant has advised Sudan that it must obtain alternate counsel (and has volunteered to assist Sudan in doing so), Sudan has not informed Movant that Sudan has obtained such alternate counsel. Accordingly, this Motion is governed by LCvR 83.6(c) and (d), rather than by LCvR 83.6(b).[2]

---

[1] *See* the attached December 17, 2004 letter from B. Donovan Picard to Minister Ali Mohammed O. Yassin, Minister of Justice and Attorney General of the Republic of the Sudan.

[2] A copy of LCvR 83.6 is appended hereto.

## REASONS IN SUPPORT OF THE MOTION

Sudan has made no payment for any of the legal services provided to date by Movant. Sudan agreed to make a deposit to be applied to its bills for legal services and also agreed to pay Movant's statements for legal services on a monthly basis. However, Sudan did not pay the deposit and has not paid any of Movant's monthly statements. The payment for the first such statement, for legal services performed in July 2004, is now more than four months overdue. Although from time to time agents of Sudan have made representations that payments for the overdue statements would be made promptly, none of the promised payments has been made. Thus, Movant has received no payment for the legal services it has performed on behalf of Sudan to date and has no reason to believe that Sudan will pay for any additional legal services it renders.

Movant has another serious concern aside from the non-payment for its services. Movant has sought instructions from Sudan on matters other than this proceeding, but has been unsuccessful in obtaining them. The absence of the ability of obtain the necessary guidance from the client prevents Movant from being able to render effective legal representation.

This is the only proceeding in which Movant has entered an appearance on behalf of Sudan. Movant has notified Sudan that Movant is not providing any further legal representation for Sudan on any other matter. The lack of effective communication from the client will also prevent Movant from effectively representing Sudan in this proceeding when any matter arises that requires instruction from the client. (As noted above, Sudan has not informed Movant whether or not Sudan opposes this motion.)

Both the failure to pay legal fees and the failure of the client to communicate effectively with counsel are grounds for withdrawal under LCvR 83.6. *E.g., Honda Power Equipment*

*Manufacturing, Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (Leon, J.) ("Simply stated, it is not in the interests of justice to order Woodhouse's counsel to continue to represent him when he does not respond to their attempts to contact him and has not paid his bills."). In *Barton v. District of Columbia*, 209 F.R.D. 274, 277 (D.D.C. 2002) (Urbina, J.) (quoting *Lieberman v. Polytop Corp.*, 2 Fed.Appx. 37, 39-40 (1st Cir. 2001) (unpublished opinion)), the court pointed out that:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum . . . . Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position.

*And see Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002) (Clients had stopped paying their attorney with more than $400,000 in fees and expenses owing and were making no efforts to engage new counsel.).[3]

In this proceeding, Sudan's motion to dismiss has been fully briefed and was argued to the Court on October 27, 2004. There is at present no matter upon which Sudan has an obligation to make a filing or to take other action. Accordingly, withdrawal can be effected now

---

[3]   Also, the D.C. Rules of Professional Conduct (Rule 1.16(b)) provide that:

> Except [when otherwise ordered by the Court], a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> . . . .
>
> (3) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (4) The representation will result in an unreasonable financial burden on the lawyer or obdurate or vexatious conduct on the part of the client has rendered the representation unreasonably difficult . . . .

with as little disruption to the proceedings as at any juncture. Permitting Movant's withdrawal now will make it clear to Sudan that it must retain alternate counsel promptly to continue to be represented in this proceeding.

Movant has given Sudan ample warning of the need for Sudan to retain alternate counsel. In a letter to Minister Yassin dated September 13, 2004, it was made clear that unless Sudan met its payment obligations, Movant would decline to perform any further legal services for Sudan and would have no choice but to withdraw from the representation of Sudan in this proceeding. In a subsequent December 10, 2004 letter to Minister Yassin, it was made clear that Movant declined to perform any further legal services for Sudan and that Movant would have no choice but to withdraw from the representation of Sudan in this case. Movants have received no response from Sudan other than the occasional, verbal representations mentioned above.

Movant has conferred with counsel for Plaintiffs, and Plaintiffs consent to this motion. As stated above, Movant has sought Sudan's consent, but has as yet received no response. This motion has been served on Sudan by delivery of a copy thereof to H.E. Ambassador Khidir Haroun Ahmed at the Embassy of the Republic of the Sudan in Washington, DC, for transmittal to Minister Ali Mohammed O. Yassin, Minister of Justice and Attorney General of the Republic of the Sudan, which is the manner in which Sudan indicated that the Movant should transmit its communications to Sudan.

Wherefore, Movant asks that it be permitted to withdraw as counsel for Sudan in this proceeding. A proposed order is attached hereto.

Respectfully submitted,

Knox Bemis (Bar No. 14852)

HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500

January 5, 2005



HUNTON & WILLIAMS LLP
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1109

TEL     202 • 955 • 1500
FAX     202 • 778 • 2201

B. DONOVAN PICARD
DIRECT DIAL: 202-955-1892
DIRECT FAX: 202-861-3660
EMAIL: dpicard@hunton.com

December 17, 2004

FILE NO: 65715.000002

**Via Email and Facsimile**

H.E. Ali Mohamed O. Yassin
Minister of Justice and Attorney General
Ministry of Justice
Khartoum, The Republic of Sudan

      Please accept our assurances of our highest regards and best wishes.

      As I have informed you, Hunton & Williams can no longer provide legal services to the Government of the Republic of the Sudan because the Government has not paid for the services already rendered, as agreed between the Government and Hunton & Williams. Indeed, the Government has made no payment at all to Hunton & Williams for its legal services or for the expenses Hunton & Williams has incurred in the representation of the Government. At present, the Government has been invoiced a total of $339,537.61 in fees and expenses for services performed by Hunton & Williams from July through September 2004, and most of the amounts owing are long past due. Moreover, the agreed advance payment of $250,000, which was invoiced on September 3, 2004, has never been paid.

      In our letter to you of September 13, 2004, we made clear that unless payment of past due and current amounts were made, Hunton & Williams would not be able to continue to provide legal services to the Government. Subsequently, in our letter to you of December 10, 2004, we informed you that Hunton & Williams must decline to perform any further legal services for the Government or to continue as counsel for the Government in any matter.

      In addition to nonpayment, we have another serious concern. We have provided advice and sought instruction from the Government with respect to matters other than the pending case in which we have entered an appearance on behalf of the Government. However, we have not received any instructions or substantive response. It is not possible for us to continue to defend the Government in the absence of communication on essential questions.

      In view of this situation, at least one pending matter requires urgent attention. As you know, we have been representing the Government (i.e., the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan) in a lawsuit against them and others as defendants


# HUNTON&
# WILLIAMS

H.E. Ali Mohamed O. Yassin
December 17, 2004
Page 2

in the U.S. District Court for the District of Columbia, *James Owens, et al. v. Republic of Sudan, et al.*, Civil Action No. 01-2244 (JDB). In our September 13, 2004 letter, we made it clear that in the absence of the payment of fees and expenses for legal services, Hunton & Williams would have no choice but to withdraw from the representation of the Government in the *Owens* case. As we subsequently stated in our December 10, 2004 letter, we must now undertake that withdrawal. As I also there stated, the Government should arrange as soon as possible for counsel to replace us. The *Owens* case is an ongoing proceeding, and although there are at present no actions required of counsel for the Government, it is likely that in the near future there will be.

I would appreciate it if you would inform me of the status of the Government's efforts to obtain substitute counsel for the *Owens* matter. We will be happy to cooperate and assist in this effort; however, Hunton & Williams must file with the Court a motion to withdraw as counsel and be relieved of any responsibility for the representation of the Government in that proceeding.

In this connection, the pertinent local rule of the U.S. District Court (LCvR 83.6) requires us to inform the Court whether the Government consents to our motion for withdrawal. Please inform me at your earliest convenience of the Government's position on this matter.

We sincerely regret that Hunton & Williams cannot continue to provide legal services to the Government.

Highest regards,

B. Donovan Picard

65715.000002 WASHINGTON 484671v1

# LCvR 83.6

# ENTRY AND WITHDRAWAL OF APPEARANCES BY ATTORNEYS IN CIVIL ACTIONS

(a) **ENTRY OF APPEARANCE.**

An attorney eligible to appear may enter an appearance in a civil action by signing any pleading described in Rule 7(a), Federal Rules of Civil Procedure, or by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number

(b) **WITHDRAWAL OF APPEARANCE BY NOTICE.**

If no trial date has been set, an attorney may withdraw an appearance in a civil action by filing a notice of withdrawal signed by the attorney and the party represented, if another attorney has previously entered an appearance on behalf of the party.

(c) **WITHDRAWAL OF APPEARANCE BY MOTION.**

If a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within five days of service of the motion.

(d) **RULING ON MOTION TO WITHDRAW APPEARANCE**

The court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice. The Clerk shall mail to the affected party a copy of the order granting or denying the motion for leave to withdraw.

***COMMENT TO LCvR 83.6:*** *This Rule requires, as in LCvR 5.1, that an attorney's appearance notice contain the attorney's District of Columbia Bar identification number.*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMES OWENS, et al.,                    (
                                        (
    Plaintiffs,                      (
                                        (
    v.                               (     Civil Action No. 01-2244 (JDB)
                                        (
REPUBLIC OF SUDAN, et al.,              (
                                        (
    Defendants.                      (


**[PROPOSED] ORDER GRANTING THE MOTION OF HUNTON & WILLIAMS LLP TO WITHDRAW AS COUNSEL FOR DEFENDANTS THE REPUBLIC OF THE SUDAN AND THE INTERIOR MINISTRY OF THE REPUBLIC OF THE SUDAN**

The COURT, having considered the motion of Hunton & Williams LLP to withdraw as counsel for Defendants Republic of the Sudan and the Interior Ministry of the Republic of the Sudan and the reasons submitted in support thereof,

HEREBY ORDERS that the motion is GRANTED; and

FURTHER ORDERS that the withdrawal of Hunton & Williams LLP and its attorneys as counsel for Defendants Republic of the Sudan and the Interior Ministry of the Republic of the Sudan is effective as of the date of this Order, and Hunton & Williams LLP and its attorneys shall hereafter have no duty or obligation to represent Defendants Republic of the Sudan or the Interior Ministry of the Republic of the Sudan in this proceeding.

Dated: _____, 2005          _____
                                       JOHN D. BATES
                                       United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | ( |
| Plaintiffs, | ( |
| v. | ( Civil Action No. 01-2244 (JDB) |
| REPUBLIC OF SUDAN, et al., | ( |
| Defendants. | ( |

**CERTIFICATE OF SERVICE REQUIRED BY LCvR 83.6(c)**

The undersigned attorney, a member of the bar of this Court, hereby certifies that, pursuant to LCvR 83.6(c), copies of this motion and the notice required by LCvR 83.6(c) (a copy of which is attached hereto) have been served upon the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan by delivery of a copy thereof to H.E. Ambassador Khidir Haroun Ahmed at the Embassy of the Republic of the Sudan, 2210 Massachusetts Avenue, N.W., Washington, DC 20008, for transmittal to Minister Ali Mohammed O. Yassin, Minister of Justice and Attorney General of the Republic of the Sudan, which is the manner in which Sudan indicated that counsel should transmit its communications to the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan.

_____
Knox Bemis (Bar No. 14852)

HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500

January 5, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAMES OWENS, et al.,                 (
                                     (
    Plaintiffs,                      (
                                     (
        v.                           (     Civil Action No. 01-2244 (JDB)
                                     (
REPUBLIC OF SUDAN, et al.,           (
                                     (
    Defendants.                      (

## NOTICE

TO:   The Republic of the Sudan; and
      The Interior Ministry of the Republic of the Sudan.

Take notice that Hunton & Williams LLP has filed the attached motion requesting the Court to grant Hunton & Williams LLP and its attorneys leave to withdraw as counsel for the Republic of the Sudan and the Interior Ministry of the Republic of the Sudan in the above-captioned proceeding.

In accordance with LCvR 83.6(c) of the Local Rules of the Court, you are advised to obtain other counsel to represent you in this proceeding. If you intend to conduct the case *pro se* or if you object to the withdrawal of counsel, the Court's Rule (LCvR 83.6(c)) requires you to so notify the Court within five days of the service of the motion.

Knox Bemis (Bar No. 14852)<br>
HUNTON & WILLIAMS LLP<br>
1900 K Street, N.W.<br>
Washington, D.C. 20006-1109<br>
(202) 955-1500

January 5, 2005