UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | ( |
| Plaintiffs, | ( |
| v. | ( Civil Action No. 01-2244 (JDB) |
| REPUBLIC OF SUDAN, et al., | ( |
| Defendants. | ( |

DEFENDANTS OPPOSITION TO PLAINTIFFS'
MOTION FOR A STATUS CONFERENCE

Pursuant to LCvR 7(b) of the Rules of this Court, Defendants Republic of the Sudan and the Interior Ministry of the Republic of the Sudan (collectively "Sudan") oppose Plaintiffs' Motion for Status Conference filed Saturday, January 8, 2005.

Plaintiffs have asked for a conference to discuss discovery and a trial date, suggesting that trial be set no later than thirty days after the Court's order granting the motion of Sudan's present counsel to withdraw.[1] However, there is no basis for holding a status conference for such purposes.[2] On October 27, 2005, the Court heard arguments from Sudan and from Plaintiffs on Sudan's motion to dismiss on grounds including lack of subject matter jurisdiction and failure to state a cause of action. If the action is dismissed, the questions of discovery and a trial date are moot. On the other hand, if the Court holds that it has subject matter jurisdiction, Sudan has the right to an interlocutory

---

[1]   The undersigned counsel filed a motion for leave to withdraw as counsel for Sudan on January 5, 2005. The motion is pending.

[2]   As their argument in support of their motion, Plaintiffs provide no more than a bare citation of LCvR 16.4, which simply states the general rule for scheduling conferences and orders. No reason is given why the rule supports the action Plaintiffs' seek.

appeal on the issue. *See, e.g., Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 91 (D.C. Cir. 2002). Under these circumstances, a conference to set a trial date makes no sense whatsoever.

In any event, no status conference to discuss the schedule of future proceedings in this case should be held until new counsel for Sudan makes its appearance in this case. Such counsel should have the opportunity to present its view of what proceedings are needed and what time is required for them. Moreover, there is no present need for setting dates for future proceedings (nor is there a basis for doing so), because the question as to what proceedings will be appropriate depends very much upon what action the Court takes on the pending motion to dismiss.

For these reasons, Plaintiffs' motion should be denied. The parties and the Court should address the matter of setting a status conference to address future proceedings when new counsel enters an appearance for Sudan.

                                              Respectfully submitted,

                                              Knox Bemis (Bar No. 14852)
                                              HUNTON & WILLIAMS LLP
                                              1900 K Street, N.W.
                                              Washington, D.C. 20006-1109
                                              (202) 955-1500

January 19, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., ( | |
| ( | |
| Plaintiffs, ( | |
| ( | |
| v. ( | Civil Action No. 01-2244 (JDB) |
| ( | |
| REPUBLIC OF SUDAN, et al., ( | |
| ( | |
| Defendants. ( | |

[PROPOSED] ORDER DENYING PLAINTIFFS'
MOTION FOR A STATUS CONFERENCE

The COURT, having considered Plaintiffs' Motion for Status Conference and the opposition thereto of Defendants Republic of Sudan and the Ministry of the Interior of the Republic of Sudan;

HEREBY ORDERS that said Motion is DENIED.

Dated: _____, 2005          _____
                                                                    JOHN D. BATES
                                                           United States District Judge