# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES OWENS, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 01-2244** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |
| **RIZWAN KHALIQ, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 04-1536** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |
| **JUDITH ABASI MWILA, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 08-1377** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |
| **MILLY MIKALI AMDUSO, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 08-1361** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |
| **WINFRED WAIRMU WAMAI, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 08-1349** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |
| **MARY ONSONGO, et al.** | |
| **Plaintiffs** | |
| v. | **Civil Action No. 08-1380** |
| | **Judge John D. Bates** |
| **REPUBLIC OF SUDAN, et al.** | |
| **Defendants** | |

## MEMORANDUM OF PLAINTIFFS
## UPON STANDING OF MWILA PLAINTIFFS

This Memorandum is in response to the issues raised by the Court as to standing of the Plaintiffs in the *Mwila* action. For the reasons set forth below, it is submitted that these Plaintiffs have standing to bring suit pursuant to both Tanzanian law and American law to pursue claims for intentional infliction of emotional distress pursuant to Tanzanian law and/or for solatium under §1083 of the Defense Authorization Act Of 2008. The *Mwila* action was brought on behalf of Donte Akili Mwaipape, Valentine Mathew Katunda, Edward Mathew Rutaheshela, Samuel Thomas Marcus and Alli Kindambe Ng'ombe, all of whom suffered serious physical injury in the attack on August 7, 1998, and survived, and the estates of Abbas William Mwila, Yusuf Shamte Ndange, Mtendeje Rajabu Mtuyla, Rogath Saisi Saidi and Dotio Rmadhani, who died as a result of injuries suffered in that attack. One of the survivors, Samuel Thomas Marcus, died on September 25, 2009.

## PLAINTIFFS SUFFERING INJURY WHO
## SURVIVED THE ATTACK OF AUGUST 7, 1998

Section 1083 of the Defense Authorization Act of 2008, codified as 28 U.S.C. §1605A, provides in pertinent part as follows:

"§1605A (a)(2)(A) Claim heard. The court shall hear a claim under this section if...
   (ii) the <u>claimant or the victim</u> was, at the time the act described in paragraph (1) occurred--
      (I) a national of the United States;
      (II) a member of the armed forces; or
      (III) otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; …." Emphasis added.

2

Section 1605A goes on to provide for a new Federal cause of action for those for whom jurisdiction is granted in §1605A (a)(2)(A) providing as follows:

> "(c) <u>Private right of action</u>. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
>   (1) a national of the United States,
>   (2) a member of the armed forces,
>   (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
>   (4) the legal representative of a person described in paragraph (1), (2), or (3),
> for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, <u>for which the courts of the United States may maintain jurisdiction under this section for money damages</u>. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents." Emphasis added.

Thus §1605A (a)(2)(A) provides for jurisdiction if the "claimant or the victim" is a "national of the United States, a member of the Armed Forces or an employee of the Government of the United States or an individual performing a contract awarded by the United States Government" and §1605A (c) establishes a cause of action for those "individuals for which the courts of the United States may maintain jurisdiction under this section…." Clearly the Congress by reference included in (c) all those individuals qualifying in (a).

Solatium is not defined in §1605A, but is generally defined in American law as damages for emotional injury caused by the physical injury. Solatium is a derivative tort claim which arises only as a result of the physical injury inflicted upon another who suffers physical harm and may not be maintained separately. Chief Judge Lamberth described the nature of a solatium claim in a recent case stating:

> "solatium [] is not an independent cause of action, but rather [] a form of damages." <u>Reed v. Islamic Republic of Iran</u>, 439 F. Supp. 2d 53, 67-68 (D.D.C. 2006) (Urbina, J.) (citing

3

*Salazar*, 370 F. Supp. 2d at 115). A plaintiff may obtain solatium damages only by alleging an independent statutory cause of action that so provides, or in conjunction with a common law claim. Typically, for example, solatium damages are available to intentional infliction of emotional distress ("IIED") claimants. **[\*\*27]** *See*, *e.g.*, *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 269 n.8 (D.D.C. 2002); *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 89 (D.D.C. 2002); *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001). Hence, plaintiff's solatium claim must be considered, if at all, in the Court's calculation of damages for any substantive cause of action on which it finds defendants Iran and MOIS liable."
*Oveissi v. Iran,* 498 F. Supp. 2d 268, 280(2007)

The United States Court Of Appeals For The District Of Columbia Circuit reversed Chief Judge Lamberth, but took no issue with his view of solatium. Judge Garland in his opinion stated that:

"we note that, <sup>HN14</sup> for terrorism cases **[\*\*\*21]** filed under the new § 1605A, plaintiffs whose cases meet the statutory requirements now have a *federal* cause of action. *See* 28 U.S.C. § 1605A(c); *Simon,* 529 F.3d at 1190." *Oveissi v. Iran,* 573 F.3d 835, 844; 387 U.S. App. D.C. 366, 375(2009).

Prior to the enactment of 28 U.S.C. §1605A this Court recognized a cause of action for solatium or intentional infliction of mental distress for persons who were <u>not</u> American nationals at the time of the occurrence beginning with *Anderson v. Islamic Republic of Iran, et al.,* 90 F. Supp. 2d 107 (D.D.C. 2000). As Judge Jackson noted in *Anderson*:

"Plaintiff Madeleine Bassil, Terry Anderson's wife, seeks compensatory damages based on causes of action of intentional infliction of emotional distress, and loss of consortium and solatium. Ms. Bassil is a Lebanese national. Although Ms. Bassil is not a U.S. citizen, <sup>HN2</sup> the FSIA confers subject matter jurisdiction over a claim under 28 U.S.C. § 1605(a)(7) if *"either* the plaintiff *or* the victim [is] a United States national **[\*\*17]** at the time of the incident." Flatow, 999 F. Supp. at 16 (emphasis added). Terry Anderson was a U.S. citizen at the time of his abduction. Thus, this Court has subject matter jurisdiction over his wife's claims." 90 F. Supp. 2d 107 at 113.

It should be noted that state causes of action for intentional infliction of mental distress differ from solatium in one important respect. An action for intentional infliction of mental distress may be maintained as a separate tort, even in the absence of physical injury to the

4

plaintiff. *Abourezk v. New York Airlines, Inc.,* 283 U.S.App.D.C., 895 F.2d 1456(1990). On the other hand, solatium is a derivative tort claim which arises only as a result of the physical injury inflicted upon another who suffers physical harm and may not be maintained separately, as noted by the Maryland Court Of Special Appeals in *Costello v. Nationwide Mutual Insurance Company,* 143 Md. App. 403; 795 A.2d 151 (2002). In that case the Court discussed the holdings of other American courts establishing a general rule that solatium is derivative of the main action, holding that a household exclusion provision applying to the relationship between the negligent husband whose actions resulted in the death of his wife, likewise would apply to the derivative solatium claims of the surviving children of the couple. The Court stated:

> "The term "solatium" was used to refer to those damages allowable pursuant to then Maryland Code (1974, 1984 Repl. Vol.), section 3-904(d) of the Courts and Judicial Proceedings Article ("CJ"), allowing damages for "mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, parental care, filial care, attention, advice, counsel, training, guidance, or education[.]" 143 Md. App. 403,411.
>
> The Court noted that the cause of action was derivative:
>
> "Where state law creates a right to damages for mental anguish suffered by those in specified relationships to the person who suffers bodily injury or death, it has been held that the damages for mental anguish are, in effect, derivative of the single bodily injury." 143 Md. App. 403,412.

## PLAINTIFFS WHO DIED AS A RESULT OF INJURIES SUFFERED IN THE ATTACK OF AUGUST 7, 1998

Chapter 310 of the Tanzania Law Reform (Fatal Accidents and Miscellaneous Provisions) Act, Cap. 310, Revised Edition 2002, provides as follows:

> "On the death of any person . . . all causes of action subsisting against or vested within him shall survive against, or, as the case may be, for the benefit of his estate."

The definitions section includes "loss of life" as a type of damage recoverable in a claim that "survives the decedent." (*See* Law Reform Act, Pt. I sec. 2, Exhibit B at p. 1). Death by intentional tort is explicitly included within this statute. A person liable for causing wrongful death:

> "shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as would amount in law to a criminal offence." *See* Law Reform Act, Pt. II sec. 3, Exhibit A2 at p. 2 of the Supplemental Trial Brief On Standing Of Tanzania Estate Representatives.

Decedent estate administrations have been opened pursuant to Tanzanian law for the five persons who perished in the attack at Dar Es Salaam. They are Abbas William Mwila, Yusuf Shamte Ndange, Mtendeje Rajabu Mtuyla, Rogath Saidi Saidi and Dotio Rmadhani, whose estates are plaintiffs in this action, and for the seriously injured Plaintiff, Samwel Thomas Marcus, who died on September 25, 2009. The documentation is attached as exhibits as follows:

Exhibit No.  Name     Detail

(1) Mwila, A. W. – Estate Appointment of Supervisor, Estate 95/98

(2) Ndange, Yusufu Shamte - Appointment of Supervisor, Estate 209

(3) Mtulya, Shabani Saidi - Appointment of Supervisor, Estate 71/200

(4) Ramadhani, Dotto - Appointment of Supervisor, Estate 209/98

(5) Marcus, Samwel Thomas - Appointment of Supervisor, Estate 122/2010

(6) Saidi, Rogath Saidi – Administration of Estate, Estate 265/99                .

The Congress acted to resolve two problems in creating 28 U.S.C. §1605A: (1) resolving the lack of uniformity in treatment of persons who were victims of terrorism, and (2) establishing the clear legislative extension of the protection of this anti-terrorism legislation to those in the service of the United States in the Armed Forces of the United States or as employees of the

United States, directly or by contract. Any doubt as to Congressional intent is resolved by the Conference Committee Report:

> "HR 1585, 110 Congress -Conference Report Filed In The House
>
> (Sec. 1083) States that a foreign state shall not be immune from an action in a U.S. court in any case in which money damages are sought for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for any such act engaged in by an official, employee, or agent of such foreign state while acting within the scope of such office, employment, or agency. Allows a U.S. court to hear such a claim if: (1) the foreign state was designated as a state sponsor of terrorism at the time the act occurred; (2) the claimant was a U.S. national, member of the Armed Forces, or employee of the government acting within the scope of such employment; (3) the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim; or (4) the claim is related to a specified case concerning the taking of American hostages by Iran in 1979. Requires actions to brought no later than the latter of ten years after: (1) April 24, 1996, or (2) the cause of action arose. Allows: (1) a private right of action by such a claimant; and (2) U.S. courts to appoint special masters to hear such claims. Allows claimants to establish a lien of lis pendens on a foreign state's real property or tangible personal property that is subject to execution or attachment under provisions of the Foreign Sovereign Immunities Act (FSIA). Gives claimants who obtain a judgment against a foreign state recourse to the foreign state's property for execution of such judgment. Provides that a foreign state's property shall not be immune to execution upon judgment due to the property being regulated by the U.S. government under the Trading With the Enemy Act or the International Emergency Economic Powers Act due to the sovereign immunity of the United States. Provides application to pending cases and related actions."

The claimants who are Tanzanian citizens in the cases joined with the *Owens* case are persons who have never lived outside Tanzania, the country in which they were attacked. The District of Columbia rule that the choice of law is determined by the jurisdiction with the most substantial interest would require a holding on any intentional infliction of mental distress claim the Court must utilize the law of the place of residence of each plaintiff. However, permitting the Tanzanian plaintiffs to proceed upon §1605A solatium claims would provide uniformity in treatment with American Nationals, the result intended by the Congress.

In short, the Congress did not need to and therefore did not begin 1605A(c), setting forth the new Federal Cause Of Action, with the words " the claimant or the victim" because it was unnecessary. Reference to the preceding subparagraph of the same section leaves no other plausible explanation. It is not likely that the Congress intended by passing §1605A to open the courts of the United States to non-American citizens who were members of the Armed Forces of the United States and to non-American citizen Contractors injured in the course of carrying out their duties to the United States while withholding from them the new Federal Cause of Action intended to bring uniformity to suits against terrorist states. There is nothing in the legislative history to suggest Congressional intent to enact a statutory roadmap in §1605A(c) for only one category of persons for whom jurisdiction was specifically granted while withholding the new Federal Cause of Action from the remaining categories, returning those victims of terrorism to the disparate treatment which existed before January 28, 2008, the effective date of §1605A.

The alternative to this interpretation is to conclude that the Congress intended to open the courts in the United States to prosecution of cases by claimants who were not citizens utilizing the causes of action provided by statutes of the countries in which those claimants lived. Indeed, in the absence of a determination that the damages provisions of §1605A(c) apply to every plaintiff demonstrating qualification under §1605A(a), that alternative would seem certain. The legislative history of the enactment which brought §1605A to life does not support such a proposition.

The plaintiffs, regardless of whether they are United States Nationals, members of the Armed Forces of the United States or Embassy Contractors should be treated equally under the text of the statute and the applicable case law, recognizing that the amount of the award will vary according to the past earnings of the decedent or disabled person.

## **CONCLUSION**

In conclusion, the Tanzanian plaintiffs clearly have standing to assert their claims against these Defendants

**January 4, 2011**                    **FAY KAPLAN LAW, PA**

                                       **By:** *Thomas Fortune Fay*
                                       **Thomas Fortune Fay**
                                       **777 Sixth Street, NW**
                                       **Suite 410**
                                       **Washington, DC 20001**
                                       **202/589-1300**
                                       **Fax 589-1721**
                                       *ThomasFay@aol.com*
                                       **Attorneys For Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2011, a copies of the foregoing were served through the ECF system, and electronically upon the following:

>Steven R. Perles, Esq.
>Edward B. MacAllister, Esq.
>1146 Nineteenth Street, NW
>Suite 500
>Washington, DC 20036
>
>Jane Carol Norman, Esq.
>777 Sixth Street, NW
>Suite 410
>Washington, DC 20001
>
>Ronald Alvin Karp, Esq.
>2273 Research Boulevard
>Suite 200
>Rockville, MD 20850-4303
>
>Michael Joseph Miller, Esq.
>108 Railroad Avenue
>Orange, VA 22960
>
>*Thomas Fortune Fay*
>**Thomas Fortune Fay**