## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES OWENS, et al.,

        Plaintiffs,

        v.

REPUBLIC OF SUDAN, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 01-cv-02244 (JDB)

## THIRD UNOPPOSED MOTION ON BEHALF OF THE UNITED STATES FOR PROTECTIVE ORDER AUTHORIZING DISCLOSURE IN RESPONSE TO RULE 45 SUBPOENA

## INTRODUCTION

On June 26, 2012, and on December 12, 2012, in response to motions filed by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), the Court entered two protective orders authorizing disclosure of certain information responsive to subpoenas issued by plaintiffs in the above-captioned matter under Rule 45 of the Federal Rules of Civil Procedure. Plaintiffs served a similar subpoena on June 20, 2013, *see* Exhibit A, and the United States now seeks a third protective order to permit its response to that subpoena.

Plaintiffs have agreed that OFAC's production of the following information, pursuant to the terms of the attached proposed protective order (Exhibit B), will constitute full and final satisfaction of their subpoena:

> As of June 20, 2013, a list of all financial institutions holding assets in the United States that are blocked due to a nexus with the Government of Iran and/or the Republic of Sudan, and the total such assets reported by each such institution, rounded down to the nearest $100,000.00.[1]

---

[1] OFAC takes no position as to whether any of the assets that may be identified as a result of its disclosure may ultimately be available for attachment. Nor does OFAC intend to waive or

Without a protective order, the release of this information might violate the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law.  Thus, while OFAC does not waive any right, privilege, or immunity to which it may be entitled with respect to any further response, it respectfully requests that, in light of the prohibitions of the TSA, the Court authorize its disclosure of information responsive to plaintiffs' subpoena via the attached proposed protective order.[2]

Pursuant to Local Rule 7(m), the undersigned counsel has conferred with counsel for plaintiffs, who has indicated that plaintiffs do not object to the terms of the proposed protective order.

## ARGUMENT

## AUTHORIZATION OF LAW IS REQUIRED BEFORE DISCLOSURE MAY BE MADE OF INFORMATION PROTECTED BY THE TRADE SECRETS ACT.

Information responsive to plaintiffs' subpoena may be subject to the restrictions on disclosure set forth in the TSA, a criminal statute.  The TSA bars unauthorized release by a federal employee or officer of certain types of information received by the government.  Specifically, the statute provides:

---

compromise in any way the United States' ability to state its views in future litigation as to the attachability of these assets.

[2] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized under the TSA and does not constitute a determination as to any other privilege or immunity OFAC may have as to any information potentially responsive to plaintiffs' subpoena or any objection OFAC may have to plaintiffs' subpoena.

**§ 1905.  Disclosure of confidential information generally.**

Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

The Court of Appeals for the District of Columbia has described the TSA's scope as "exceedingly broad" (even "oceanic") and has held that it "encompasses virtually every category of business information likely to be found in the files" of an agency.  *CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987).  *See also id.* (further stating that the TSA "appears to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment," and that the "comprehensive catalogue of items in the [TSA] accomplishes essentially the same thing as if it had simply referred to 'all officially collected commercial information' or 'all business and financial data received'").

Under the TSA, disclosure of information within its scope must be "authorized by law," or the disclosing employee "shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment."  18 U.S.C. § 1905.  A Rule 45 subpoena, which may be issued at the discretion of any civil litigant, does not constitute the necessary "authoriz[ation] by law."  *Cf. Doe v. DiGenova*, 779 F.2d 74, 84-85 (D.C. Cir. 1985)

(construing similar language in Privacy Act); *In re Valecia Condensed Milk Co.*, 240 F. 310, 314 (7th Cir. 1917) (construing predecessor to TSA). However, a "lawfully issued judicial order" satisfies the authorization requirement for disclosure of TSA material. *Cf. United States v. Liebert*, 519 F. 2d 542, 546 (3d Cir. 1975), citing *Blair v. Osterlein Machine Co.,* 275 U.S. 220, 227 (1927). As mentioned above, this Court has entered two separate protective orders in this case to permit OFAC to respond to subpoenas issued by plaintiffs. *See* Dkt. #232 (Protective Order entered June 26, 2012); Dkt. #256 (Protective Order entered December 12, 2012). Moreover, in other cases where information relating to blocked assets has been sought from OFAC, this Court and others have previously authorized disclosure pursuant to a protective order. *See, e.g., Acosta v. Islamic Republic of Iran*, Case No. 06-00745 (RCL) (D.D.C.), Dkt. #50 (Protective Order entered May 17, 2011); *Dammarell v. Islamic Republic of Iran*, Case No. 01-cv-02224 (JDB) (D.D.C.), Dkt. #78 (Protective Order entered December 23, 2010); *Bakhtiar v. Islamic Republic of Iran*, Case No. 02-cv-00092 (HHK) (D.D.C.), Dkt. #63 (Protective Order entered March 30, 2010). Similarly, here, given the prohibitions of the TSA, disclosure by OFAC of information sought by plaintiffs may be authorized by the entry of a protective order.

The D.C. Circuit has recognized, in the context of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the government's need to protect information disclosed to it where trade secrets or confidential commercial or financial information is at issue. Where information is provided to the Government under compulsion, courts evaluate whether its disclosure would "impair the government's ability to obtain the necessary information in the future." *See McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 304-05 (D.C. Cir. 1999); *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F. 2d 871, 878-80 (D.C. Cir. 1992). Here, the information OFAC is willing to disclose was provided to it pursuant to 31 C.F.R. § 501.603,

which requires financial institutions and other holders of blocked property to file reports with

OFAC.  The requirement is "mandatory," and "[r]eports filed are regarded as privileged and

confidential."  31 C.F.R. § 501.603(a).  In the absence of a protective order, disclosure of

information submitted to OFAC under § 501.603 could adversely affect OFAC's administration

of its programs.  Accordingly, OFAC requests that the Court provide the authorization of law

required by the TSA by issuing the proposed protective order attached hereto.  The undersigned

counsel has conferred with counsel for plaintiffs, who concurs in the relief requested in this

motion.

## CONCLUSION

For the reasons set forth herein, OFAC and plaintiffs request that this Court enter the

attached proposed protective order authorizing OFAC to disclose information in response to

plaintiffs' subpoena pursuant to the terms set forth therein.

Dated: July 16, 2013.                    Respectfully submitted,

                                         STUART F. DELERY
                                         Acting Assistant Attorney General

                                         ARTHUR R. GOLDBERG
                                         Assistant Branch Director

                                          _/s/ Scott Risner_____
                                         SCOTT RISNER (MI Bar No. P70762)
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue, N.W.
                                         Washington, D.C. 20001
                                         Telephone: (202) 514-2395
                                         Fax: (202) 616-8470
                                         Email: scott.risner@usdoj.gov

                                         Attorneys for the United States