THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 01-2244 (JDB) |
| v. | )<br>) |
| REPUBLIC OF SUDAN, et al., | )<br>) |
| Defendants. | ) |

## PROTECTIVE ORDER

Based upon the Court's consideration of this matter, including a Rule 45 Third-Party subpoena issued by plaintiffs in the above-referenced case, and the Unopposed Motion by the United States concerning that subpoena, it is hereby ordered that:

1. The Department of the Treasury's Office of Foreign Assets Control ("OFAC") is authorized, pursuant to the terms set forth herein, to disclose information responsive to the third-party subpoena (the "Subpoena") issued by plaintiffs in the above-referenced case dated April 1, 2014.

2. All information produced in response to the Subpoena, and any portion thereof, is to be deemed confidential ("Confidential Information"), unless plaintiffs are otherwise advised by OFAC.

3. Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the above-captioned matter ("the *Owens* Litigation"), pursuant to procedures authorized by law, and for no other purpose.

1

4. No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties and OFAC in writing, or by order of the Court.

5. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   a. the attorneys for parties to the *Owens* Litigation (including their paralegal, clerical, or other assistants) or in any proceedings incident to efforts to collect on the judgment entered therein who have a need therefor in connection with said proceedings;

   b. the courts and their support personnel in the *Owens* Litigation and in any proceedings incident to efforts to collect on the judgment entered therein;

   c. persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgment entered in the *Owens* Litigation or those holding assets identified in the Confidential Information;

   d. local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgment entered in the *Owens* Litigation;

   e. any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the judgment entered in the *Owens* Litigation, pursuant to procedures authorized by law.

6. To the extent that Confidential Information is disclosed to persons as described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that

are necessary for each specific proceeding incident to efforts to collect on the judgment or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(e) above shall be provided with a copy of this Protective Order and restricted to using Confidential Information only for purposes directly related to the satisfaction of the judgment issued in the *Owens* Litigation and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7. Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(e) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made pursuant to subparagraph 5(e).

8. The termination of the *Owens* Litigation or any proceeding incident to efforts to collect on the judgment entered in the *Owens* Litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

9. All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the judgment entered in the *Owens* Litigation by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and

copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11.   The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12.   Entry of this Order constitutes only a determination that OFAC is authorized to disclose information as provided herein under the Trade Secrets Act. Entry of this Order does not constitute a determination as to any right, privilege, or immunity OFAC may have with respect to plaintiffs' subpoena, or any objection(s) OFAC may have to plaintiffs' subpoena. OFAC's disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity OFAC may have with respect to such information, nor does it constitute a determination by OFAC with respect to any legal rights that any party may have in any proceedings incident to efforts to collect on the judgment entered in the *Owens* litigation.

13.   Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee thereof, from using or disclosing Confidential Information for any other purposes authorized by law. Entry of this Order does not prohibit subsequent disclosure of Confidential Information directly to OFAC or to counsel for the United States.

IT IS SO ORDERED.

_May 27, 2014_  _/s/ John D. Bates_
Date                    UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>REPUBLIC OF SUDAN, et al.,<br><br>    Defendants. | Case No. 01-2244 (JDB) |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____
[signature]

_____
[print name]

DATED:

6