UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES OWENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF SUDAN, et al.,<br><br>Defendants. | Civil Action No. 01-2244 (JDB) |

### ORDER

Before the Court is [321] plaintiffs' motion for an order permitting them to serve this Court's March 28, 2014 judgment on the Republic of Sudan[1] under 28 U.S.C. § 1608(a)(4). "A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1); Estate of Doe v. Islamic Republic of Iran, 808 F. Supp. 2d 1, 12 (D.D.C. 2011). Like other provisions for service, see, e.g., Fed. R. Civ. P. 4(f), the service provision in the Foreign Sovereign Immunities Act ("FSIA") prescribes several methods for serving a foreign state, in descending order of preference—meaning that a plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on. See 28 U.S.C. § 1608(a). Plaintiffs aver that they have unsuccessfully attempted service on the Republic of Sudan under the first three methods. The course prescribed by the statute is to move on to the next step: effecting service under section 1608(a)(4). But instead of requesting that the Clerk transmit the appropriate materials, translated into the

---

[1] In their motion, plaintiffs request an order permitting them to serve non-defendant "Defendant, Republic of Sudan Ministry of Foreign Affairs," but context clarifies that plaintiffs wish for an order permitting them to serve the Republic of Sudan itself. See Pls.' Mot. for Order [ECF No. 321] at 1.

1

appropriate foreign language, to the U.S. Department of State for diplomatic service pursuant to section 1608(a)(4), plaintiffs ask this Court for an order blessing service under that section.

But section 1608(a) does not contemplate an order to proceed from step three (attempting service under section 1608(a)(3)), to step four (attempting service under section 1608(a)(4)). Instead, the statute provides a list of proper methods of service in descending order of preference, without any mention of judicial involvement. By contrast, section 1608(b)—setting out the requirements of process on "agenc[ies] or instrumentalit[ies] of a foreign state"—explicitly contemplates a court order directing proper service if service cannot be made under the equivalents of sections 1608(a)(1) and 1608(a)(2). See §§ 1608(b), 1608(b)(3)(C). But even there, the "order of the court" envisaged by the statute is to be "consistent with the law of the place where service is made." § 1608(b)(3)(C). Put differently, even under the provision—inapplicable here—in which section 1608 does anticipate a court order, that order relates to foreign law, not to the proper application of section 1608 itself.

True, "[s]trict adherence to the terms of 1608(a) is required" in this Circuit. Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994). That does not mean that this Court may provide advice to plaintiffs on satisfying those terms. Plaintiffs must effect service under section 1608 by complying with its terms, and this Court may not prospectively opine as to whether plaintiffs' proposed course of action would meet those terms. Plaintiffs are advised simply to adhere strictly to the terms of section 1608(a) in effecting service. See Transaero, 30 F.3d at 154. Hence, the Court will deny plaintiffs' motion to permit service under section 1608(a)(4).

For all these reasons, it is hereby

**ORDERED** that [321] plaintiffs' motion for an order permitting plaintiffs to serve the Republic of Sudan with this Court's March 28, 2014 judgment under 28 U.S.C. § 1608(a)(4) is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: May 28, 2014