Civil Action No. 01-2244

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES OWENS, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 01-2244 (JDB) |
| REPUBLIC OF SUDAN, et al. | |
| Defendants. | |

**PLAINTIFFS' FIRST POST-JUDGMENT DISCOVERY REQUESTS
TO DEFENDANT THE REPUBLIC OF SUDAN**

Pursuant to Rules 26, 33, 34, and 69 of the Federal Rules of Civil Procedure, plaintiffs, through its attorneys, Gibson, Dunn & Crutcher, LLP, request that, within thirty (30) days after service of these interrogatories and document requests (together, the "Discovery Requests"), defendant the Republic of Sudan respond and produce the documents described below for inspection and copying at the offices of Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Ave., N.W., Washington, D.C. 20036 (Attention: Matthew D. McGill).

**<u>DEFINITIONS</u>**

1.      **"Sudan," "you,"** and **"your"** means the Republic of Sudan, as well as its political subdivisions, ministries, ministers, agencies, and separate juridical entities in which the Republic of Sudan, its subdivisions, agencies, or ministries holds a beneficial interest.  For the avoidance of any doubt, this includes, but is not limited to, the entities identified in Exhibit A.

2.      **"Concerning"** means relating to, referring to, describing, constituting, or evidencing.

3.      The terms **"Document," "Document(s),"** and **"Documentation"** (hereinafter referred to as "Document(s)") shall mean all original, all drafts, and any and each copy bearing

notations or marks not found on the original or draft, of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, records relating to litigation, records relating to threats of claims, any typed or printed matter, microfilm, photographs, pictures and films, maps, correspondence, letters, faxes, interoffice communications, licenses, permits, diaries, calendars, memoranda, insurance policies, contracts or agreements, checks, statements of account, receipts, summaries, indices, data sheets, notes, papers, files, assignments, books, records, messages, reports, tables, graphs, computer printouts, tape recordings, transcripts, charts, logs, accounts, ledgers, studies, manuals, appraisals, consultant's or expert's reports, exhibits, notices, instructions, minutes, purchase orders, financial records, statements, bills, accounting records, tax records, accounting or tax work sheets, magnetic tapes, and any other data compilations from which information can be obtained or translated.  The term "Document(s)" also includes all communications and electronic data.  The term "Document(s)" also includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer databases, indices, computers, backup storage media, cloud-based storage, CD-ROMs, DVDs, e-mails, text messages, instant messages (IMs), word-processing documents, computer spreadsheets, graphic files, data compilations, voicemails, magnetic media, tapes, optical disks, hard drives, removable storage devices, and floppy disks.  The term "Document(s)" further includes all copies of documents where the copy is not identical to the original.  A request for "document(s)" is a request for any and all documents within the category described.

4.     These requests are intended to cover all documents and information in your possession, custody, or control, including those documents for which you can obtain possession, custody, or control as defined by Federal Rule of Civil Procedure 34(a).  As noted previously, this will include **"Electronically Stored Information"** as defined below.

5.      The term **"Electronic Data"** is synonymous with the term **"Electronically Stored Information"** or **"ESI."**  Electronic data includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word-processing documents, spreadsheets, database files, charts, graphs, PowerPoints, and outlines), electronic mail, text messages, instant messages (IMs), and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data exist in an active file, deleted file, or file fragment. Electronic data include without limitation any and all items stored on computer memories, cloud-based storage, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal.  Electronic data also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

6.      **"Identify,"** when used with respect to Persons, means to give, to the extent known: (i) the Person's full name; (ii) the Person's present or last known residential and business addresses; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment and the Person's responsibilities with that employer.

7.      **"Identify,"** when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

8.      **"Identify,"** when used with respect to an asset, including but not limited to an account at a financial institution, means to give, to the extent known:

    a.  the name, address, and telephone number of the entity where the asset is located;

    b.  if the asset is located at a financial institution: identification of the account, including the name of the account holder and the account number; and

    c.  the value of the asset as of the date You receive this subpoena, and the date You produce Documents responsive to this subpoena.

9.      **"Person"** means any natural person, or any business, legal, or governmental entity, or association.

10.    **"Relating to"** means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

11.    **"Sudapet"** means the Sudan National Petroleum Corporation, including its corporate subsidiaries, corporate parents, officers, directors, employees, agents, or any other person or entity purporting to act on behalf of Sudapet.

12.    The **"Listed Countries"** means the United States, Canada, the United Kingdom, Bermuda, the British Virgin Islands, Switzerland, Italy, France, Malaysia, Sweden, Australia, Japan, New Zealand, Germany, the Cayman Islands, Hong Kong, and Panama.

## **<u>INSTRUCTIONS</u>**

1.      These Discovery Requests are continuing in character so as to require prompt amendment or supplementation whenever you obtain, at any time during the period between your initial responses and satisfaction of all judgments in the above-referenced actions, information that renders your initial responses in some material respect incorrect or incomplete (provided such information has not otherwise been made known to Plaintiffs during the discovery process or in writing).

2.      These Discovery Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Discovery Requests, or as an admission of the relevance or materiality of any of the matters covered by these Discovery Requests.

3.      Each Discovery Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or Document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

4.      In producing responsive Documents, you should furnish all Documents in your possession, custody, or control, regardless of whether such Documents are possessed directly by you or your agents, employees, or representatives, or by your attorneys or their agents, employees, representatives, or investigators.  A Document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other Person and you (i) own such Document in whole or in part; (ii) have a right, by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such Documents upon any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document when you sought to do so.  For the avoidance of doubt, a Document is deemed to be in your actual or constructive possession, custody, or control if it is accessible on a network or server maintained by Sudan (as defined above).

5.      Each of these Discovery Requests requires production in full, without abbreviation, redaction, or expurgation of any responsive Documents.  If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document or portion of that Document is being withheld and the reason(s) it is being withheld.

6.      You shall produce any and all drafts of each Document that is responsive to any Document request and any and all copies of each such Document that are not identical in any respect, including but not limited to differences in handwritten notes, markings, stamps, interlineations, and electronic information.

7.      Documents referred to herein shall include all portions or pages of each document referred to and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein).  All Documents that are physically attached to each other when located for production shall be left so attached when produced.  Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced.  Documents shall be produced in the order in which they were maintained and in the files in which they were found.

8.      With respect to "ESI":

a.  ESI shall be produced on readily accessible electronic media, including, without limitation, CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other media as may be agreed upon ("Production Media").  A unique identifying label shall be affixed to each piece of Production Media, which identifies the date of the

production and the sequence of the material in that production.  All Production Media shall be properly packaged to ensure safe shipping and handling.

b.  All word-processing documents (such as, but not limited to, MS Word and Corel WordPerfect files), presentations (such as, but not limited to, PowerPoint files), and spreadsheets (such as, but not limited to, MS Excel files) responsive to these Discovery requests that are maintained in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.  A single Bates-numbered TIFF placeholder shall be provided for any data provided in native format.  The TIFF placeholder shall state "This document produced in native format, per plaintiffs' request."

c.  All other Documents responsive to these Discovery requests that are maintained in electronic format shall be produced as properly unitized, multipage Group IV TIFF image files of at least 300 dpi, with page breaks at document end.  You will produce color documents in color whenever possible.  These image files will be produced complete with full text extracts and all associated metadata.  The TIFF production shall be Bates-numbered and shall include accompanying load files and available metadata.

d.  All document productions will be provided with Relativity image and data load files.  Each image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production.  The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production.

e.  Each TIFF image produced must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of seven numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, with no special characters or embedded spaces; and (4) be sequential within a given document.  All TIFF images must be branded with the corresponding Bates number using a consistent font type and size.  Reasonable efforts must be taken to avoid obscuring any part of the underlying image with the Bates number.

f.  All Documents responsive to these Discovery requests shall be produced with the following metadata fields normally contained within such Documents, regardless of whether the fields may be populated automatically from the native file or created using an automated process: (1) Begin Bates, (2) End Bates, (3) Begin Attachment, (4) End Attachment, (5) Native File Link (for ESI only), and (6) Custodian.  In addition, the following metadata shall be produced concerning emails: (1) Date Sent, (2) To, (3) From, (4) CC, (5) BCC, (6) Subject, and (7) Full Text.  For all other ESI, the following additional metadata shall also be produced: (1) File Name, (2) File Extension, and (3) Full Text.  If this metadata is not available, each Document shall be accompanied by a listing of all file properties relating to such Document, including, but not limited to, all information relating to the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  Emails with attachment(s) will be produced with the email serving as the first "Bates"-numbered document in the series followed by each of the attachments thereto, accompanied by metadata fields such as those identifying the beginning and ending Bates number for the email, and beginning and ending Bates number for the attachment family.

g.   Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.  ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes, and comments.  Databases or underlying data should not be produced without first discussing production format issues with Plaintiffs' counsel.

9.    Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request.  All hard-copy Documents shall be produced maintaining file folder, envelope, or other container in which the Documents are kept or maintained by You.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

a. OCR shall also be provided for all hard-copy documents.  The text for each hard-copy document shall be generated by applying optical character recognition (OCR) technology to the scanned image of the document, and providing that text file in searchable format.

10.    If any requested Document is not or cannot be produced in full, You are requested to produce such Document to the extent possible, indicating which Document or portion of that Document is being withheld and the reason that portion of the Document is being withheld.

11.    In producing Documents, You are requested to produce each Document requested together with all non-identical copies and drafts of that Document.  If the original of any Document

cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

12.     If any Document or any part of a Document called for by these Discovery quests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your custody or control, you shall furnish a list identifying each such Document by: (i) date; (ii) author; (iii) recipient(s); (iv) type of Document (e.g., letter, memorandum, chart, e-mail, etc.); (v) general subject matter; (vi) the Document's present or last-known location or custodian; (vii) the date of the Document's destruction or other disposition; (viii) the reason for such destruction or other disposition; and (ix) the Person authorizing such destruction or other disposition.

13.     If a privilege is claimed as the basis for not producing any Document, you are to furnish a privilege log setting forth, for each such Document: (i) nature of the privilege claimed; (ii) the date of the Document; (iii) the Person(s) who prepared the Document; (iv) each Person to whom a copy of the Document was furnished, or to whom its contents were communicated, including titles and job descriptions of any such person; (v) the Person who has custody of such Document or a copy of such Document; (vi) any and all facts and reasons that you claim support each objection; (vii) the reason(s) for the preparation of the Document; (viii) each Person(s) who has knowledge of any of the facts or reasons that you claim support such objection; and (ix) all information relating hereto which is not within the scope of the privilege claimed.

14.     Documents not otherwise responsive to these Discovery Requests are to be produced if such Documents mention, discuss, refer to, or explain the Documents which are responsive to these Discovery Requests, or if such Documents are attached to Documents responsive to these Discovery Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

15.     In responding to these Discovery Requests, if you encounter any ambiguity in con-struing an individual request or any definitions and instructions relevant thereto, set forth the matter or term deemed "ambiguous" and the construction used in responding to such request.

16.     When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

>    a.  the name, address, and telephone number of the entity where the asset is located;
>
>    b.  if the asset is located a financial institution, identification of the account, including the name of the account holder and account number; and
>
>    c.  the value of the asset as of (a) the date these interrogatories are received by You, and (b) the date these interrogatories are answered;
>
>    d.  a detailed description of the purpose of the funds in the account; and
>
>    e.  a detailed description of the account's activity from October 24, 2014, to the present date.

## **INTERROGATORIES**

### A.     **Assets of Sudan**

1.     Identify any accounts maintained in whole or in part inside the Listed Countries in the name of Sudan, beneficially held by Sudan, for which Sudan is a signatory, or through which funds are transferred by or to Sudan.  Identify who has knowledge of these accounts and what documents reflect these accounts.  Describe the location of the accounts.

2.     Identify any commercial or standby letters of credit in which Sudan is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in

whole or in part inside the Listed Countries.  Identify who has knowledge of these commercial or standby letters of credit and what documents reflect these commercial or standby letters of credit. Describe the location of the commercial or standby letters of credit.

3.     Identify any outstanding loans (including repurchase agreements) for which Sudan is listed as the borrower, guarantor, or lender—including but not limited to information regarding the purpose of the loan, all collateral that was used to secure the loan, and the accounts or other means of payment on the loan—for which the loan proceeds are to be paid or received in whole or in part inside the Listed Countries, or for which a party to the loan is located or incorporated in the Listed Countries.  Identify who has knowledge of these loans and what documents reflect these loans.  Describe the location of the loans.

4.     Identify any asset or property of any kind whatsoever located in whole or in part inside the Listed Countries, which Sudan owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.  Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.  Describe the location of the asset or property.

5.     Identify and describe all assistance that Sudan receives from any entity located principally outside of Sudan, including any nation, business, association, corporation, consortium, or person.

6.     Identify and describe any contract, agreement, or relationship between Sudan and an entity located principally outside of Sudan, including any nation, business, association, corporation, consortium, or person in which performance, payment, or any other conduct contemplated

under the contract, agreement, or relationship occurs in whole or in part inside the Listed Countries, or, with respect to any contract, agreement or relationship by which any entity described above invests in any way in Sudan and the performance, payment, or any conduct contemplated occurs anywhere in the world.  Include in the description:

      a.  The name and location of the foreign entity;

      b.  The date of execution of any contract or agreement, or of initiation of the relationship and current status of the contract, agreement, or relationship;

      c.  The location and custodian of a copy of any contract or agreement;

      d.  A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the foreign entity to Sudan;

      e.  A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

      f.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

      g.  A description of the ownership interest, if any, of Sudan in the foreign entity.

    7.     Identify every Sudanese official who resides, temporarily or permanently, within the United States.

    8.     Identify the five persons most knowledgeable about the assets listed in Interrogatories 1 through 6.

**B.     Alter Ego**

9.     Describe the relationships among and between Sudan and Sudapet, including in-
stances in which (a) officials of the government of Sudan have served as officers, directors, or
employees of or functioned on behalf of Sudapet, or vice versa; (b) the officials of the  government
of Sudan have reported to or been responsible to the officers, directors, or employees of Sudapet,
or vice versa; (c) the officials of the government of Sudan have directed or controlled Sudapet (or
its officers, directors, or employees), or vice versa; and (d) the officials of the government of Sudan
have used assets for the benefit of Sudapet (including, but not limited to, making a loan), or vice
versa.

10.     Describe those circumstances in which Sudan is responsible (through its charter,
governmental decree, statute, or otherwise) for obligations of Sudapet, or vice versa.  Identify who
has knowledge of the facts stated and what documents reflect these facts.

11.     Identify any judicial or administrative decisions that hold Sudan responsible for
obligations of Sudapet, or vice versa.  Identify who has knowledge of these decisions and any
documents that record or reflect these decisions.

12.     Describe the role of Sudan in reviewing, negotiating, approving, guaranteeing,
and/or paying obligations of Sudapet, and vice versa.

13.     Describe all communications among or between Sudan concerning Sudapet. Iden-
tify all individuals involved in these communications, all individuals with knowledge of these
communications, and what documents reflect said communications.

14.     Identify any contract, agreement, or relationship between Sudan and Sudapet, or
any contract, agreement, or relationship to which Sudan is a party that concerns Sudapet.  For each
such contract, agreement, or relationship, identify:

a.  The name and location of the parties to the contract and any third-party beneficiaries;

b.  The date of execution of any contract or agreement, or of initiation of the relationship and current status of the contract, agreement, or relationship;

c.  The location and custodian of a copy of any contract or agreement;

d.  A description of the terms of any contract, including, but not limited to, the obligations and liabilities by or to Sudan;

e.  A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds; and

f.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds.

15.    Identify all persons who participated in answering these interrogatories and document requests, stating for each person the interrogatories or document requests on which that person assisted and describing the documents that person reviewed or consulted in connection with his or her assistance.

## DOCUMENT REQUESTS

**A.    Assets of Sudan**

1.    Documents sufficient to identify all accounts maintained inside the Listed Countries in the name of Sudan, beneficially held in whole or in part by Sudan, for which Sudan is a signatory, or through which funds are transferred by or to Sudan.

2.     Documents sufficient to identify the current account balance, currency, and as-of date for all accounts identified in response to Document Request No. 1, above.

3.     Documents sufficient to identify how long all accounts identified in response to Document Request No. 1 have been active.

4.     Transaction history for all accounts identified in response to Document Request No. 1, beginning in the year 2010.

5.     Documents relating to all commercial or standby letters of credit in which Sudan is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part inside the Listed Countries.

6.     Documents relating to outstanding loans for which Sudan is listed as the borrower, guarantor, or lender, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the Listed Countries.

7.     Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the Listed Countries, which Sudan owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

8.     Documents relating to any contract, agreement, or relationship between Sudan and an entity located principally outside of Sudan, including any nation, business, association, corporation, consortium, or person, in which performance, payment, or any other conduct contemplated under the contract, agreement or relationship occurs in whole or in part inside the Listed Countries,

or, with respect to any contract, agreement or relationship by which any entity described above invests in any way in Sudan and the performance, payment or any conduct contemplated occurs anywhere in the world.

**B.**     **Alter Ego**

9.      All organization charts for all ministries of Sudan and for Sudapet from 2010 to the present.

10.     Lists of all current officers, directors, and governors for all ministries of Sudan and for Sudapet, and all former officers, directors, and governors for all ministries of Sudan and for Sudapet from 2010 to the present.

11.     All organizational documents for Sudapet and its business units, including all subsidiaries, including, but not limited to, charters and articles of association.

12.     All organizational documents for Sudan's governmental ministries, sub-units, and political subdivisions.

13.     All corporate resolutions, board minutes, bylaws, and stock certificates for Sudapet from 2010 to the present.

14.     All documents concerning the authority of Sudan or any ministry or political subdivision over the activities, decisionmaking, and any conduct whatsoever of Sudapet, including, but not limited to, the hiring, appointment, or election of officers, directors, or employees; business decisions regarding the acquisition, extraction, or sale of natural resources; lending, borrowing, or repayment of debts; working conditions and other conditions at locations owned, operated, or leased by Sudapet; or the purchase or leasing of equipment or other physical infrastructure.

15.     All communications, contracts, memoranda of understanding, financial agreements, and bank routing instructions between Sudan and Sudapet.

Respectfully submitted,

Dated: December 19, 2017

Matthew D. McGill (D.C. Bar #: 481430)
Christopher B. Leach (D.C. Bar #: 1005476)
Lochlan F. Shelfer  (D.C. Bar #: 1029799)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 887-3680
MMcGill@gibsondunn.com

Thomas Fortune Fay (D.C. Bar #: 23929)
FAY LAW GROUP, P.A.
777 6th Street, N.W., Suite 410
Washington, D.C.  20001
(202) 589-1300
ThomasFay@aol.com

18

**EXHIBIT A: NON-EXCLUSIVE LIST OF PERSONS
INCLUDED IN THE DEFINITION OF "SUDAN"**

| | |
|---|---|
| Ministry of Agriculture and Forestry | Ministry of Investment |
| Ministry of Animal Resources | Ministry of Justice and Prosecutor General |
| Ministry of Antiquities, Tourism, & Wildlife | Ministry of Labor |
| Ministry of Communications and Information Technology | Ministry of Minerals |
| Ministry of the Council of Ministers | Ministry of Petroleum and Gas |
| Ministry of Culture and Information | Ministry of Presidential Affairs |
| Ministry at Decentralization Bureau | Ministry of Trade |
| Ministry of Defense | Ministry of Transportation, Roads, and Bridges |
| Ministry of Environment, Natural Resources, and Urban Development | Ministry of Water Resources, Irrigation, and Electricity |
| Ministry of Finance & Economic Planning | Ministry of Welfare and Social Security |
| Ministry of Foreign Affairs | Ministry of Youth and Sport |
| Ministry of General Education | Central Bank of Sudan |
| Ministry of Guidance and Endowments | President - Umar Hassan Ahmad al-Bashir |
| Ministry of Health | First Vice President and Prime Minister - Bakri Hassan Salih (or current occupant) |
| Ministry of Higher Education and Scientific Research | Second Vice President - Hasabu Mohamed Abdel Rahim (or current occupant) |
| Ministry of Human Resources Development | Assistant to the President - Muhammad Uthman al-Mirghani (or current occupant) |
| Ministry of Industry | Minister of Agriculture and Forestry - Ibrahim Ahmed Al-Dukhairi (or current occupant) |
| Ministry of Information | Minister of Animal Resources - Musa Tibin Musa (or current occupant) |

| | |
|---|---|
| Ministry of Interior | Minister of Antiquities, Tourism, and Wildlife - Mohamed Abu Zaid Mustafa (or current occupant) |
| Ministry of International Cooperation | Minister of Communications and Information Technology - Tahani Abdallah Atia (or current occupant) |
| Minister of Council of Ministers - Ahmed Saad Omar Khidir (or current occupant) | Minister of International Cooperation - Kamaladdin Hassan Ali (or current occupant) |
| Minister of Culture and Information - Al-Tayyib Hassan Badawi (or current occupant) | Minister of Investment - Mudathir Abdelghani Abdel Rahman (or current occupant) |
| Minister at Decentralization Bureau - Faisal Hassan Ibrahim (or current occupant) | Minister of Justice and Prosecutor General - Awad al-Hassan al-Nour (or current occupant) |
| Minister of Defense - Awad al-Karim Ahmad Muhammad Ibn Auf (or current occupant) | Minister of Labor - Ahmed Babikir Nahar (or current occupant) |
| Minister of Environment, Natural Resources, and Urban Development - Hassan Abdel Qader Hilal (or current occupant) | Minister of Minerals - Sadiq Ahmed al-Karouri (or current occupant) |
| Minister of Finance and Economic Planning - Badr al-Din Mahmoud Hamid Abbas (or current occupant) | Minister of Petroleum and Gas - Muhammad Zayid Awad (or current occupant) |
| Minister of Foreign Affairs - Ibrahim Ahmad Abd al-Aziz Ghandour (or current occupant) | Minister of Presidential Affairs - Fadl Abdallah (or current occupant) |
| Minister of General Education - Suad Abdel Raziq Mohamed Sayeed (or current occupant) | Minister of Trade - Mansour Yousif al-Ajab (or current occupant) |
| Minister of Guidance and Endowments - Ammar Mirghani Hussayn (or current occupant) | Minister of Transportation, Roads, and Bridges - Makhawi Muhammad Awad (or current occupant) |
| Minister of Health - Bahar Idris Abu Garda (or current occupant) | Minister of Water Resources, Irrigation, and Electricity - Mutaz Mohamed Musa Salim (or current occupant) |
| Minister of Higher Education and Scientific Research - Sumaia Mohamed Ahmed Abu-Kashawa (or current occupant) | Minister of Welfare and Social Security - Masheir Mohammed al-Amin (or current occupant) |

| | |
|---|---|
| Minister of Human Resources Development - Al-Sadiq al-Hadi Abdel Rahman al-Mahadi (or current occupant) | Minister of Youth and Sport - Husayn Muhammad Hamdi (or current occupant) |
| Minister of Industry - Mohamed Yousif Ali Yousif (or current occupant) | Attorney General - Ali Mohamed Osman Yassin (or current occupant) |
| Minister of Information - Ahmed Bilal Osman (or current occupant) | Governor of the Central Bank of Sudan - Hazim Muhammad Abd al-Qadir (or current occupant) |
| Minister of the Interior - Ismat Abdel Rahman Zain al-Abdin (or current occupant) | Permanent Representative to the UN, New York - Omer Dahab Fadl Mohamed (or current occupant) |
| Charge d'Affaires, Embassy, Washington - Maowia Osman Khalid Mohammed (or current occupant) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, all parties required to be served were served

copies of the foregoing discovery requests via email and first-class mail at the addresses below:

Christopher M. Curran
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
ccurran@whitecase.com

Nicole Erb
WHITE & CASE LLP
701 13th Street, NW
Washington, DC 20005
nerb@whitecase.com

Claire Angela Delelle
WHITE & CASE, LLP
701 13th Street, NW
Washington, DC 20005
cdelelle@whitecase.com

*Counsel for Defendant the Republic of Sudan*

Dated: December 19, 2017

Thomas Fortune Fay (D.C. Bar #: 23929)
FAY LAW GROUP, P.A.
777 6th Street, N.W., Suite 410
Washington, D.C.  20001
(202) 589-1300
ThomasFay@aol.com