Civil Action No. 01-2244

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES OWENS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 01-2244 (JDB) |
| | ) |
| REPUBLIC OF SUDAN, et al., | ) |
| | ) |
| Defendants. | ) |

## SUDAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST POST-JUDGMENT DISCOVERY REQUESTS TO DEFENDANT REPUBLIC OF SUDAN

Defendant the Republic of the Sudan ("Sudan"), by and through undersigned counsel, hereby provides responses and objections to Plaintiffs' First Post-Judgment Discovery Requests to Defendant the Republic of Sudan ("Plaintiffs' Requests"), dated December 19, 2017, and served January 16, 2018.

### GENERAL OBJECTIONS

1.      Sudan objects to Plaintiffs' Requests because Sudan is immune from the subject-matter and personal jurisdiction of this Court pursuant to the Foreign Sovereign Immunities Act of 1976, as amended ("FSIA") for the reasons set forth in Sudan's Petition for a Writ of Certiorari in *Republic of Sudan v. Owens*, No. 17-1236, pending before the United States Supreme Court.

2.      Sudan objects to Plaintiffs' Requests because Sudan's property and interests in property wherever located are immune from attachment and execution pursuant to the FSIA.

3.      Sudan objects to Plaintiffs' Requests on the basis that Plaintiffs' Requests are premature, unreasonable and present an undue burden on a foreign sovereign in view of Sudan's pending Petition for a Writ of Certiorari filed in *Republic of Sudan v. Owens*, No. 17-1236, on March 2, 2018 in respect of a default judgment that might be vacated.

4.      Sudan objects to Plaintiffs' Requests to the extent they seek documents or information concerning assets of Sudan that are immune from execution under the FSIA.

5.      Sudan objects to Plaintiffs' Requests because they are not proportional to the needs of the case and not relevant to the discovery of assets that are attachable under the FSIA and therefore the discovery is not "[i]n aid of the judgment or execution" under Rule 69(a)(2) of the Federal Rules of Civil Procedure.   As a result, the Requests fall outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).

6.      Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information concerning any assets of Sudan that are immune from attachment and execution under § 1611 of the FSIA.  In particular, but without limitation, Sudan objects to Plaintiffs' Requests to the extent that any request purports to call for documents and information concerning any assets of Sudan that are the property of a foreign central bank or monetary authority held for its own account pursuant to §§ 1609, 1611(b)(1) of the FSIA.

7.      Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information about assets located outside the jurisdiction of the United States as such assets are immune from execution in the United States.

8.      Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information concerning any assets of Sudan that

are immune from attachment and execution under the law of the jurisdiction where such assets may be located.

9.      Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information concerning assets of Sudan that are immune from requisition or execution under applicable international treaties or agreements, including, but not limited to, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

10.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information concerning assets of Sudan located outside the United States in a jurisdiction that would not recognize or enforce a United States judgment that (i) was entered upon a jurisdictional predicate not recognized in the foreign jurisdiction, (ii) was entered upon a party's (or parties') default, (iii) was made pursuant to § 1605A, as contrary to the public policy of that foreign jurisdiction, (iv) is subject to further judicial review, or (v) is unenforceable for any other reason.

11.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information concerning assets of Sudan located outside the United States that would not be subject to attachment or execution in the jurisdiction where such assets are located.

12.     Sudan objects to Plaintiffs' Requests to the extent that compliance with any Document Request or Interrogatory would violate or cause Sudan to violate any law, privilege or immunity of any applicable jurisdiction, including but not limited to privacy or bank secrecy laws or other laws prohibiting the disclosure of the requested documents or information.

13.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory contravenes the principles of international comity by subjecting Sudan to the burden of responding to the Requests while Sudan is pursuing appellate remedies.

14.     Sudan objects to Plaintiffs' Requests as overly broad and unduly burdensome to the extent that any Document Request or Interrogatory purports to call for documents or information that Plaintiffs should obtain from the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") and/or the Secretary of State pursuant to § 1610(f)(2)(A) of the FSIA.

15.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information about assets located outside the jurisdiction of the United States on the basis that Rule 69(a)(2) of the Federal Rules of Civil Procedure has no extraterritorial application.

16.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to call for documents or information about assets located outside the jurisdiction of the United States on the basis that § 1610 of the FSIA has no extraterritorial application.

17.     Sudan objects to Plaintiffs' Requests because they are overly broad, vague, ambiguous, oppressive and unduly burdensome.

18.     Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory calls for documents or information that is cumulative or duplicative of information sought by any other of Plaintiffs' Requests.

19.   Sudan objects to Plaintiffs' Interrogatories to the extent that any Interrogatory calls for information that is cumulative or duplicative of documents or information sought by any of Plaintiffs' Document Requests.

20.   Sudan objects to Plaintiffs' Interrogatories insofar as they exceed the maximum number of twenty-five Interrogatories, "including all discrete subparts," allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure.   Specifically, Plaintiffs appear to have propounded at least forty-nine discrete Interrogatories.

21.   Sudan objects to Plaintiffs' Requests as overly broad, unduly burdensome, and oppressive to the extent that any Document Request or Interrogatory contains no time limitation.

22.   Sudan objects to Plaintiffs' Requests as overly broad, unduly burdensome, and oppressive to the extent that any Document Request or Interrogatory purports to call for documents or information not within Sudan's possession, custody or control, and concerns facts outside Sudan's knowledge.

23.   Sudan objects to Plaintiffs' Requests as overly broad, unduly burdensome, and oppressive to the extent that any Document Request or Interrogatory purports to call for documents or information that is in the public domain or may be more readily obtained from third parties.

24.   Sudan objects to Plaintiffs' Requests to the extent that any Document Request of Interrogatory purports to seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and any applicable Local Rules.

25.   Sudan objects to Plaintiffs' Requests to the extent that any Document Request or Interrogatory purports to seek the discovery of documents and information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, any governmental

privilege, or any other applicable privilege, protection or immunity.  Nothing contained in any of these objections is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity or protection.

26.     These General Objections are hereby expressly incorporated in Sudan's Objections to Definitions, Objections to Instructions, Specific Objections to Interrogatories and Specific Objections to Document Requests as set forth below.

27.     Sudan's objections do not constitute admissions relative to the existence of any documents or information, the relevance or admissibility of any documents or information, or to the truth or accuracy of any statement or characterization contained in Plaintiffs' Requests.  All objections as to relevance, authenticity or admissibility of any document are expressly reserved.

28.     Sudan reserves the right to amend, supplement and/or correct these objections in response to Plaintiffs' Requests at any time.

29.     Sudan states that it will engage in good-faith meet-and-confer discussions as may be needed.  To the extent that any meet-and-confer discussions fail to resolve Sudan's objections and appropriately narrow Plaintiffs' Requests, Sudan expressly reserves the right to seek a protective order and/or move to stay post-judgment discovery.

30.     By stating its general objections and objections to Plaintiffs' Requests, including as to Definitions, Instructions, Interrogatories, and Document Requests, Sudan does not waive and hereby reserves all rights, privileges, defenses and immunities.

## OBJECTIONS TO DEFINITIONS

**DEFINITION 1:**     "Sudan," "you," and "your" means the Republic of Sudan, as well as its political subdivisions, ministries, ministers, agencies, and separate juridical entities in which the Republic of Sudan, its subdivisions, agencies, or ministries holds a beneficial interest.  For the avoidance of any doubt, this includes, but is not limited to, the entities identified in Exhibit A.

6

**OBJECTION:** Sudan objects to this Definition as overly broad and not relevant to the discovery of documents and information concerning attachable assets of Sudan under the FSIA. Specifically, the Definition improperly conflates agencies, instrumentalities and other persons and entities with Sudan. The Definition is objectionable to the extent that it would require Sudan to produce any documents or information held by or related to the Central Bank of Sudan, the assets of which are specifically "immune from attachment and from execution" pursuant to § 1611(b)(1) of the FSIA. Sudan further objects to this Definition to the extent it purports to incorporate individual Sudanese Government employees or officials in the Definition of Sudan, a foreign state, as inconsistent with § 1603 of the FSIA.

**DEFINITION 2:**    "Concerning" means relating to, referring to, describing, constituting, or evidencing.

**OBJECTION:** Sudan further objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 3:**    The terms "Document," "Document(s)," and "Documentation" (hereinafter referred to as "Document(s)") shall mean all original, all drafts, and any and each copy bearing notations or marks not found on the original or draft, of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, records relating to litigation, records relating to threats of claims, any typed or printed matter, microfilm, photographs, pictures and films, maps, correspondence, letters, faxes, interoffice communications, licenses, permits, diaries, calendars, memoranda, insurance policies, contracts or agreements, checks, statements of account, receipts, summaries, indices, data sheets, notes, papers, files, assignments, books, records, messages, reports, tables, graphs, computer printouts, tape recordings, transcripts, charts, logs, accounts, ledgers, studies, manuals, appraisals, consultant's or expert's reports, exhibits, notices, instructions, minutes, purchase orders, financial records, statements, bills, accounting records, tax records, accounting or tax work sheets, magnetic tapes, and any other data compilations from which information can be obtained or translated. The term "Document(s)" also includes all communications and electronic data. The term "Document(s)" also includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer databases, indices, computers, backup storage media, cloud-based storage, CD-ROMs, DVDs, emails, text messages, instant messages (IMs), word-processing documents, computer spreadsheets, graphic files, data compilations, voicemails, magnetic media, tapes, optical disks, hard drives, re-

7

movable storage devices, and floppy disks. The term "Document(s)" further includes all copies of documents where the copy is not identical to the original. A request for "document(s)" is a request for any and all documents within the category described.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure and the Local Rules of this Court. Sudan also objects to this Definition to the extent

that it purports to require the production of original documents.

**DEFINITION 4:** These requests are intended to cover all documents and information in your possession, custody, or control, including those documents for which you can obtain possession, custody, or control as defined by Federal Rule of Civil Procedure 34(a). As noted previously, this will include "Electronically Stored Information" as defined below.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure and the Local Rules of this Court.

**DEFINITION 5:** The term "Electronic Data" is synonymous with the term "Electronically Stored Information" or "ESI." Electronic data includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word-processing documents, spreadsheets, database files, charts, graphs, PowerPoints, and outlines), electronic mail, text messages, instant messages (IMs), and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic data exist in an active file, deleted file, or file fragment. Electronic data include without limitation any and all items stored on computer memories, cloud- based storage, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. Electronic data also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it

obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure and the Local Rules of this Court.

8

**DEFINITION 6:**     "Identify," when used with respect to Persons, means to give, to the extent known: (i) the Person's  full name; (ii) the Person's  present or last known residential and business addresses; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment and the Person's responsibilities with that employer.

**OBJECTION:**  Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 7:**     "Identify," when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

**OBJECTION:**  Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 8:**     "Identify," when used with respect to an asset, including but not limited to an account at a financial institution, means to give, to the extent known: a. the name, address, and telephone number of the entity where the asset is located; b. if the asset is located at a financial institution: identification of the account, including the name of the account holder and the account number; and c. the value of the asset as of the date You receive this subpoena, and the date You produce Documents responsive to this subpoena.

**OBJECTION:**  Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Sudan also objects to this Definition as overly broad and not relevant to the discovery of documents and information concerning attachable assets of Sudan located within the United States.  Sudan further objects on the grounds that this Definition relates to an unidentified "subpoena."

**DEFINITION 9:**     "Person" means any natural person, or any business, legal, or governmental entity, or association.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 10:** "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

**OBJECTION:** Sudan objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 11:** "Sudapet" means the Sudan National Petroleum Corporation, including its corporate subsidiaries, corporate parents, officers, directors, employees, agents, or any other person or entity purporting to act on behalf of Sudapet.

**OBJECTION:** Sudan objects to this Definition as overly broad and not relevant to the discovery of documents and information concerning attachable assets of Sudan under the FSIA. Specifically, the Definition improperly conflates corporate subsidiaries, corporate parents, officers, directors, employees, agents, or any other person or entity purporting to act on behalf of Sudapet with Sudapet. Sudan further objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DEFINITION 12:** The "listed countries" means the United States, Canada, the United Kingdom, Bermuda, the British Virgin Islands, Switzerland, Italy, France, Malaysia, Sweden, Australia, Japan, New Zealand, Germany, the Cayman Islands, Hong Kong, and Panama.

**OBJECTION:** Sudan objects to the inclusion of non-U.S. jurisdictions in these Requests as overly broad and not relevant to the discovery of documents and information concerning attachable assets of Sudan located in the United States. Sudan further objects to this Definition

10

to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## OBJECTIONS TO INSTRUCTIONS

**INSTRUCTION 1:**  These Discovery Requests are continuing in character so as to require prompt amendment or supplementation whenever you obtain, at any time during the period between your initial responses and satisfaction of all judgments in the above-referenced actions, information that renders your initial responses in some material respect incorrect or incomplete (provided such information has not otherwise been made known to Plaintiffs during the discovery process or in writing).

**OBJECTION:**  Sudan objects to this Instruction as overly broad, unduly burdensome, oppressive, and not proportional to the needs of the case to the extent that it requires Sudan to continue to provide information in response to Plaintiffs' Requests at ambiguous intervals for an indeterminate period of time.  Sudan further objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 2:**  These Discovery Requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Discovery Requests, or as an admission of the relevance or materiality of any of the matters covered by these Discovery Requests.

**OBJECTION:**  Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 3:**  Each Discovery Request shall be construed as being inclusive rather than exclusive.  Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or Document request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 4:** In producing responsive Documents, you should furnish all Documents in your possession, custody, or control, regardless of whether such Documents are possessed directly by you or your agents, employees, or representatives, or by your attorneys or their agents, employees, representatives, or investigators. A Document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other Person and you (i) own such Document in whole or in part; (ii) have a right, by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such Documents upon any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document when you sought to do so. For the avoidance of doubt, a Document is deemed to be in your actual or constructive possession, custody, or control if it is accessible on a network or server maintained by Sudan (as defined above).

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 5:** Each of these Discovery Requests requires production in full, without abbreviation, redaction, or expurgation of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document or portion of that Document is being withheld and the reason(s) it is being withheld.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 6:** You shall produce any and all drafts of each Document that is responsive to any Document request and any and all copies of each such Document that are not identical in any respect, including but not limited to differences in handwritten notes, markings, stamps, interlineations, and electronic information.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 7:** Documents referred to herein shall include all portions or pages of each document referred to and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein). All Documents that are physically attached to each other when located for production shall be left so attached when produced. Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced. Documents shall be produced in the order in which they were maintained and in the files in which they were found.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 8:** With respect to "ESI'":

a. ESI shall be produced on readily accessible electronic media, including, without limitation, CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other media as may be agreed upon ("Production Media"). A unique identifying label shall be affixed to each piece of Production Media, which identifies the date of the production and the sequence of the material in that production. All Production Media shall be properly packaged to ensure safe shipping and handling.

b. All word-processing documents (such as, but not limited to, MS Word and Corel WordPerfect files), presentations (such as, but not limited to, PowerPoint files), and spreadsheets (such as, but not limited to, MS Excel files) responsive to these Discovery requests that are maintained in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available. A single Bates-numbered TIFF placeholder shall be provided for any data provided in native format. The TIFF placeholder shall state "This document produced in native format, per plaintiffs' request."

c. All other Documents responsive to these Discovery requests that are maintained in electronic format shall be produced as properly unitized, multipage Group IV TIFF image files of at least 300 dpi, with page breaks at document end. You will produce color documents in color whenever possible. These image files will be produced complete

13

with full text extracts and all associated metadata. The TIFF production shall be Bates-numbered and shall include accompanying load files and available metadata.

d. All document productions will be provided with Relativity image and data load files. Each image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production.

e. Each TIFF image produced must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of seven numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, with no special characters or embedded spaces; and (4) be sequential within a given document. All TIFF images must be branded with the corresponding Bates number using a consistent font type and size. Reasonable efforts must be taken to avoid obscuring any part of the underlying image with the Bates number.

f. All Documents responsive to these Discovery requests shall be produced with the following metadata fields normally contained within such Documents, regardless of whether the fields may be populated automatically from the native file or created using an automated process: (1) Begin Bates, (2) End Bates, (3) Begin Attachment, (4) End Attachment, (5) Native File Link (for ESI only), and (6) Custodian. In addition, the following metadata shall be produced concerning emails: (1) Date Sent, (2) To, (3) From, (4) CC, (5) BCC, (6) Subject, and (7) Full Text. For all other ESI, the following additional metadata shall also be produced: (1) File Name, (2) File Extension, and (3) Full Text. If this metadata is not available, each Document shall be accompanied by a listing of all file properties relating to such Document, including, but not limited to, all information relating to the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. Emails with attachment(s) will be produced with the email serving as the first "Bates"-numbered document in the series followed by each of the attachments thereto, accompanied by metadata fields such as those identifying the beginning and ending Bates number for the email, and beginning and ending Bates number for the attachment family.

g. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. ESI shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes, and comments. Databases or underlying data should not be produced without first discussing production format issues with Plaintiffs' counsel.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 9:** Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request. All hard-copy Documents shall be produced maintaining file folder, envelope, or other container in which the Documents are kept or maintained by You. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

  a. OCR shall also be provided for all hard-copy documents. The text for each hard-copy document shall be generated by applying optical character recognition (OCR) technology to the scanned image of the document, and providing that text file in searchable format.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 10:** If any requested Document is not or cannot be produced in full, You are requested to produce such Document to the extent possible, indicating which Document or portion of that Document is being withheld and the reason that portion of the Document is being withheld.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 11:** In producing Documents, You are requested to produce each Document requested together with all non-identical copies and drafts of that Document. If the original of any Document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 12:** If any Document or any part of a Document called for by these Discovery quests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your custody or control, you shall furnish a list identifying each such Document by: (i) date; (ii) author; (iii) recipient(s); (iv) type of Document (e.g., letter, memorandum, chart, e-mail, etc.); (v) general subject matter; (vi) the Document's present or last-known location or custodian; (vii) the date of the Document's destruction or other disposition; (viii) the reason for such destruction or other disposition; and (ix) the Person authorizing such destruction or other disposition.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 13:** If a privilege is claimed as the basis for not producing any Document, you are to furnish a privilege log setting forth, for each such Document: (i) nature of the privilege claimed; (ii) the date of the Document; (iii) the Person(s) who prepared the Document; (iv) each Person to whom a copy of the Document was furnished, or to whom its contents were communicated, including titles and job descriptions of any such person; (v) the Person who has custody of such Document or a copy of such Document; (vi) any and all facts and reasons that you claim support each objection; (vii) the reason(s) for the preparation of the Document; (viii) each Person(s) who has knowledge of any of the facts or reasons that you claim support such objection; and (ix) all information relating hereto which is not within the scope of the privilege claimed.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 14:** Documents not otherwise responsive to these Discovery Requests are to be produced if such Documents mention, discuss, refer to, or explain the Documents which are responsive to these Discovery Requests, or if such Documents are attached to Documents responsive to these Discovery Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

16

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court and to the extent it causes any Document Request to be overbroad and unduly burdensome.

**INSTRUCTION 15:** In responding to these Discovery Requests, if you encounter any ambiguity in construing an individual request or any definitions and instructions relevant thereto, set forth the matter or term deemed "ambiguous" and the construction used in responding to such request.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 16:** When asked to "describe the location" of an asset, including but not limited to an account at a financial institution, the description should include:

    a.  the name, address, and telephone number of the entity where the asset is located;

    b.  if the asset is located a financial institution, identification of the account, including the name of the account holder and account number; and

    c.  the value of the asset as of (a) the date these interrogatories are received by You, and (b) the date these interrogatories are answered;

    d.  a detailed description of the purpose of the funds in the account; and

    e.  a detailed description of the account's activity from October 24, 2014, to the present date.

**OBJECTION:** Sudan objects to this Instruction to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Sudan objects to this Instruction as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not relevant to the discovery of attachable assets of Sudan in the United States. As such, the discovery is not "[i]n aid of the judgment or execution" under of Federal Rule of Civil Procedure 69(a)(2), and thus

outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Instruction to the extent that its application anywhere in the context of Plaintiffs' Requests would purport to call for documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify any accounts maintained in whole or in part inside the Listed Countries in the name of Sudan, beneficially held by Sudan, for which Sudan is a signatory, or through which funds are transferred by or to Sudan.  Identify who has knowledge of these accounts and what documents reflect these accounts.  Describe the location of the accounts.

**RESPONSE AND OBJECTIONS:**        In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."  Subject to the foregoing objections, to the extent that information exists

identifying such assets in the United States, Sudan will identify such information subject to an appropriate protective order.

**INTERROGATORY NO. 2:**     Identify any commercial or standby letters of credit in which Sudan is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part inside the Listed Countries. Identify who has knowledge of these commercial or standby letters of credit and what documents reflect these commercial or standby letters of credit.  Describe the location of the commercial or standby letters of credit.

**RESPONSE AND OBJECTIONS:**     In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."  Subject to the foregoing objections, to the extent that information exists identifying such assets in the United States, Sudan will identify such information subject to an appropriate protective order.

19

**INTERROGATORY NO. 3:**      Identify any outstanding loans (including repurchase agreements) for which Sudan is listed as the borrower, guarantor, or lender-including but not limited to information regarding the purpose of the loan, all collateral that was used to secure the loan, and the accounts or other means of payment on the loan-for which the loan proceeds are to be paid or received in whole or in part inside the Listed Countries, or for which a party to the loan is located or incorporated in the Listed Countries.  Identify who has knowledge of these loans and what documents reflect these loans.  Describe the location of the loans.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."  Subject to the foregoing objections, to the extent that information exists identifying such assets in the United States, Sudan will identify such information subject to an appropriate protective order.

**INTERROGATORY NO. 4:**      Identify any asset or property of any kind whatsoever located in whole or in part inside the Listed Countries, which Sudan owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an

equity or debt holder, or demand deposit holder.  Identify who has knowledge of these assets or properties and what documents reflect these assets or properties.  Describe the location of the asset or property.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."  Subject to the foregoing objections, to the extent that information exists identifying such assets in the United States, Sudan will identify such information subject to an appropriate protective order.

**INTERROGATORY NO. 5:**     Identify and describe all assistance that Sudan receives from any entity located principally outside of Sudan, including any nation, business, association, corporation, consortium, or person.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."  Sudan further objects to the term "assistance" and the phrase "located principally outside of Sudan" as vague and ambiguous as drafted.

**INTERROGATORY NO. 6:**     Identify and describe any contract, agreement, or relationship between Sudan and an entity located principally outside of Sudan, including any nation, business, association, corporation, consortium, or person in which performance, payment, or any other conduct contemplated under the contract, agreement, or relationship occurs in whole or in part inside the Listed Countries, or, with respect to any contract, agreement or relationship by which any entity described above invests in any way in Sudan and the performance, payment, or any conduct contemplated occurs anywhere in the world.  Include in the description:

   a.  The name and location of the foreign entity;

   b.  The date of execution of any contract or agreement, or of initiation of the relationship and current status of the contract, agreement, or relationship;

   c.  The location and custodian of a copy of any contract or agreement;

   d.  A description of the terms of any contract, including, but not limited to, the obligations and liabilities of the foreign entity to Sudan;

e.  A description of any and all transfers of funds that have taken place under any contract, agreement, or relationship, including an identification of any bank or financial institution that participated in the transfer of the funds;

f.  A description of any and all transfers of funds intended to take place within the next five years, including an identification of the name and location of any bank or financial institution that will participate in the transfer of the funds; and

g.  A description of the ownership interest, if any, of Sudan in the foreign entity.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States. As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts." Sudan also objects to the term "relationship" and the phrase "located principally outside of Sudan" as vague and ambiguous as drafted. Subject to the foregoing objections, to the extent that information exists identifying such assets in the United States, Sudan will identify such information subject to an appropriate protective order.

**INTERROGATORY NO. 7:**         Identify every Sudanese official who resides, temporarily or permanently, within the United States.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, vexatious, not proportional to the needs of the case, and not relevant to the discovery of attachable assets in the United States.  As such, the discovery is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan further objects to this Interrogatory to the extent it seeks information in respect of Sudanese diplomatic personnel that are immune from the jurisdiction of this Court and diplomatic assets that are immune from requisition or execution under applicable international treaties or agreements, including, but not limited to, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

**INTERROGATORY NO. 8:**         Identify the five persons most knowledgeable about the assets listed in Interrogatories 1 through 6.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing, Sudan incorporates by reference its Objections to Interrogatory Nos. 1 through 6 and further states that it will identify the persons most knowledgeable of information responsive to Interrogatories that have been appropriately tailored to discover attachable assets in the United States.

**INTERROGATORY NO. 9:**         Describe the relationships among and between Sudan and Sudapet, including instances in which (a) officials of the government of Sudan have served as officers, directors, or employees of or functioned on behalf of Sudapet, or vice versa; (b) the officials of the government of Sudan have reported to or been responsible to the officers, directors, or employees of Sudapet, or vice versa; (c) the officials of the government of Sudan have directed or controlled Sudapet (or its officers, directors, or employees), or vice versa; and

(d) the officials of the government of Sudan have used assets for the benefit of Sudapet (including, but not limited to, making a loan), or vice versa.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."   Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Interrogatories to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.

**INTERROGATORY NO. 10:**   Describe those circumstances in which Sudan is responsible (through its charter, governmental decree, statute, or otherwise) for obligations of Sudapet, or vice versa.  Identify who has knowledge of the facts stated and what documents reflect these facts.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not

proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and

not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory

is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2),

and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan

also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the

basis that it seeks information concerning assets in the United States that are immune from

attachment under the FSIA.  Sudan further objects to this Interrogatory insofar as Plaintiffs

purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil

Procedure, which limits the number of interrogatories a party can serve to twenty five, "including

all discrete subparts."   Sudan also objects to this Interrogatory as overly broad, unduly

burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs'

Interrogatories to documents and information in the possession, custody, or control of

individuals, agencies, or entities other than Sudan.  Sudan further objects to this Interrogatory on

the grounds that it is vague and ambiguous as drafted in that it requests information as to whether

Sudan is "responsible" for Sudapet "obligations" and is otherwise not relevant to the discovery

of attachable assets in the United States.

**INTERROGATORY NO. 11:**      Identify any judicial or administrative decisions that hold
Sudan responsible for obligations of Sudapet, or vice versa.  Identify who has knowledge of
these decisions and any documents that record or reflect these decisions.

**RESPONSE AND OBJECTIONS:**      In addition to the foregoing General Objections,

Objections to Definitions and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not

proportional to the needs of the case, unnecessarily duplicative of the Document Requests and

other Interrogatories, and not relevant to the discovery of attachable assets in the United States.

As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.  Sudan further objects to this Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a party can serve to twenty five, "including all discrete subparts."   Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Interrogatories to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.   Sudan further objects to this Interrogatory as cumulative or duplicative of information available in the public domain. Sudan further objects to this Interrogatory to the extent that it contains no time limitation and is thus, overly broad, unduly burdensome, oppressive and not proportional to the needs of the case. Sudan also objects to this Interrogatory on the grounds that it is vague and ambiguous as drafted in that it requests information as to whether Sudan is "responsible" for Sudapet "obligations" and is otherwise not relevant to the discovery of attachable assets in the United States.

**INTERROGATORY NO. 12:**     Describe the role of Sudan in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of Sudapet, and vice versa.

**RESPONSE AND OBJECTIONS:**    In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and not relevant to the discovery of attachable assets in the United States.  As such, the Interrogatory

is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2),

and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan

also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the

basis that it seeks information concerning assets in the United States that are immune from

attachment under the FSIA. Sudan also objects to this Interrogatory as overly broad, unduly

burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs'

Interrogatories to documents and information in the possession, custody, or control of

individuals, agencies, or entities other than Sudan. Sudan further objects to this Interrogatory to

the extent that it contains no time limitation and is thus, overly broad, unduly burdensome,

oppressive and not proportional to the needs of the case. Sudan further objects to this

Interrogatory on the grounds that it is vague and ambiguous as drafted in that it requests

information as to Sudan's "role" in "reviewing, negotiating, approving, guaranteeing, and/or

paying for" Sudapet "obligations" and is otherwise not relevant to the discovery of attachable

assets in the United States.

**INTERROGATORY NO. 13:**      Describe all communications among or between Sudan
concerning Sudapet. Identify all individuals involved in these communications, all individuals
with knowledge of these communications, and what documents reflect said communications.

**RESPONSE AND OBJECTIONS:**      In addition to the foregoing General Objections,

Objections to Definitions and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not

proportional to the needs of the case, unnecessarily duplicative of the Document Requests and

other Interrogatories, and not relevant to the discovery of attachable assets in the United States.

As such, the Interrogatory is not "[i]n aid of the judgment or execution" under Federal Rule of

Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules

26(b)(1) and 69(a)(2).   Sudan also objects to this Interrogatory as overly broad, unduly

burdensome, and oppressive on the basis that it seeks information concerning assets in the

United States that are immune from attachment under the FSIA.   Sudan further objects to this

Interrogatory insofar as Plaintiffs purport that it is a single interrogatory pursuant to Rule

33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories a

party can serve to twenty five, "including all discrete subparts."   Sudan also objects to this

Interrogatory as overly broad, unduly burdensome, and oppressive on the basis that it attempts to

extend the scope of Plaintiffs' Interrogatories to documents and information in the possession,

custody, or control of individuals, agencies, or entities other than Sudan.   Sudan further objects

to this Interrogatory to the extent that it contains no time limitation and is thus, overly broad,

unduly burdensome, oppressive and not proportional to the needs of the case.

**INTERROGATORY NO. 14:**        Identify any contract, agreement, or relationship between
Sudan and Sudapet, or any contract, agreement, or relationship to which Sudan is a party that
concerns Sudapet.  For each such contract, agreement, or relationship, identify:

    a.  The name and location of the parties to the contract and any third-party beneficiaries;

    b.  The date of execution of any contract or agreement, or of initiation of the relationship and
current status of the contract, agreement, or relationship;

    c.  The location and custodian of a copy of any contract or agreement;

    d.  A description of the terms of any contract, including, but not limited to, the obligations
and liabilities by or to Sudan;

    e.  A description of any and all transfers of funds that have taken place under any contract,
agreement, or relationship, including an identification of any bank or financial institution
that participated in the transfer of the funds; and

    f.  A description of any and all transfers of funds intended to take place within the next five
years, including an identification of the name and location of any bank or financial
institution that will participate in the transfer of the funds.

**RESPONSE AND OBJECTIONS:**        In addition to the foregoing General Objections,

Objections to Definitions and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Interrogatory as overly broad, unduly burdensome, oppressive, not

proportional to the needs of the case, unnecessarily duplicative of the Document Requests, and

not relevant to the discovery of attachable assets in the United States. As such, the Interrogatory

is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2),

and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan

also objects to this Interrogatory as overly broad, unduly burdensome, and oppressive on the

basis that it seeks information concerning assets in the United States that are immune from

attachment under the FSIA. Sudan further objects to this Interrogatory insofar as Plaintiffs

purport that it is a single interrogatory pursuant to Rule 33(a)(1) of the Federal Rules of Civil

Procedure, which limits the number of interrogatories a party can serve to twenty five, "including

all discrete subparts." Sudan further objects to the term "relationship" as vague and ambiguous

as drafted. Sudan also objects to this Interrogatory as overly broad, unduly burdensome, and

oppressive on the basis that it attempts to extend the scope of Plaintiffs' Interrogatories to

documents and information in the possession, custody, or control of individuals, agencies, or

entities other than Sudan. Sudan further objects to this Interrogatory to the extent that it contains

no time limitation and is thus, overly broad, unduly burdensome, oppressive and not proportional

to the needs of the case.

**INTERROGATORY NO. 15:**      Identify all persons who participated in answering these
interrogatories and document requests, stating for each person the interrogatories or document
requests on which that person assisted and describing the documents that person reviewed or
consulted in connection with his or her assistance.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing, Sudan incorporates by

reference its objections to Interrogatory Nos. 1 through 13 and further states that it will identify

the principal persons who participate in preparing responses to Interrogatories and Document

Requests that have been appropriately tailored to discover attachable assets in the United States.

## RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**   Documents sufficient to identify all accounts maintained inside the Listed Countries in the name of Sudan, beneficially held in whole or in part by Sudan, for which Sudan is a signatory, or through which funds are transferred by or to Sudan.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States.   As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.   Subject to the foregoing objections, to the extent that documents and information exist identifying such assets in the United States, Sudan will produce responsive documents and information subject to an appropriate protective order.

**REQUEST NO. 2:**   Documents sufficient to identify the current account balance, currency, and as-of date for all accounts identified in response to Document Request No. 1, above.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the

31

Interrogatories, and not relevant to the discovery of attachable assets in the United States. As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Subject to the foregoing objections, to the extent that documents and information exist identifying such assets in the United States, Sudan will produce responsive documents and information subject to an appropriate protective order.

**REQUEST NO. 3:**   Documents sufficient to identify how long all accounts identified in response to Document Request No. 1 have been active.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States. As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna

Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Sudan

objects to this Document Request to the extent that it contains no time limitation and is thus,

overly broad, unduly burdensome, oppressive and not proportional to the needs of the case.

**REQUEST NO. 4:**   Transaction history for all accounts identified in response to Document
Request No. 1, beginning in the year 2010.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections,

Objections to Definitions and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Document Request as overly broad, unduly burdensome,

oppressive, not proportional to the needs of the case, unnecessarily duplicative of the

Interrogatories, and not relevant to the discovery of attachable assets in the United States. As

such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of

Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules

26(b)(1) and 69(a)(2). Sudan also objects to this Document Request as overly broad, unduly

burdensome, and oppressive on the basis that it seeks information concerning assets in the

United States that are immune from attachment under the FSIA, the Vienna Convention on

Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna

Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Sudan

further objects to the time limitation in this Document Request as overly broad, unduly

burdensome, oppressive and not proportional to the needs of the case. Specifically, the Request

as drafted relates to a time period that predates the date Plaintiffs obtained their default

judgment.

**REQUEST NO. 5:**   Documents relating to all commercial or standby letters of credit in which
Sudan is listed as the applicant or beneficiary, including but not limited to invoices and bills of
lading related to the letter of credit, for which any part of the underlying transaction is to involve
assets or parties located in whole or in part inside the Listed Countries.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States.  As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.  Subject to the foregoing objections, to the extent that documents and information exists identifying such assets in the United States, Sudan will produce responsive documents and information subject to an appropriate protective order.

**REQUEST NO. 6:**   Documents relating to outstanding loans for which Sudan is listed as the borrower, guarantor, or lender, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part inside the Listed Countries.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome,

oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States. As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan. Subject to the foregoing objections, to the extent that documents and information exists identifying such assets in the United States, Sudan will produce responsive documents and information subject to an appropriate protective order.

**REQUEST NO. 7:** Documents relating to any asset or property of any kind whatsoever, located in whole or in part inside the Listed Countries, which Sudan owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States. As

such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of

Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules

26(b)(1) and 69(a)(2).  Sudan also objects to this Document Request as overly broad, unduly

burdensome, and oppressive on the basis that it seeks information concerning assets in the

United States that are immune from attachment under the FSIA, the Vienna Convention on

Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna

Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan also

objects to this Document Request as overly broad, unduly burdensome, and oppressive on the

basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in

the possession, custody, or control of individuals, agencies, or entities other than Sudan.  Subject

to the foregoing objections, to the extent that documents and information exists identifying such

assets in the United States, Sudan will produce responsive documents and information subject to

an appropriate protective order.

**REQUEST NO. 8:**   Documents relating to any contract, agreement, or relationship between
Sudan and an entity located principally outside of Sudan, including any nation, business,
association, corporation, consortium, or person, in which performance, payment, or any other
conduct contemplated under the contract, agreement or relationship occurs in whole or in part
inside the Listed Countries, or, with respect to any contract, agreement or relationship by which
any entity described above invests in any way in Sudan and the performance, payment or any
conduct contemplated occurs anywhere in the world.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections,

Objections to Definitions and Objections to Instructions, which are expressly incorporated

herein, Sudan objects to this Document Request as overly broad, unduly burdensome,

oppressive, not proportional to the needs of the case, unnecessarily duplicative of the

Interrogatories, and not relevant to the discovery of attachable assets in the United States.  As

such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of

Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.  Sudan further objects to the term "relationship" and the phrase "located principally outside of Sudan" as vague and ambiguous as drafted.  Subject to the foregoing objections, to the extent that documents and information exists identifying such assets in the United States, Sudan will produce responsive documents and information subject to an appropriate protective order.

**REQUEST NO. 9:**    All organization charts for all ministries of Sudan and for Sudapet from 2010 to the present.

**RESPONSE AND OBJECTIONS:**    In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not relevant to the discovery of attachable assets in the United States.  As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the

37

possession, custody, or control of individuals, agencies, or entities other than Sudan.  Sudan objects to the time period of this Document Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of the case.  Specifically, the Request calls for documents and information relating to a time period that predates the date Plaintiffs obtained their default judgment.  Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks "all" organization charts for "all ministries" of Sudan from 2010 to the present.  This encompasses a time period prior to the cession of South Sudan and thus is not relevant to the discovery of attachable assets in the United States.  Sudan further objects to this Document Request as cumulative or duplicative of information available in the public domain.

**REQUEST NO. 10:**  Lists of all current officers, directors, and governors for all ministries of Sudan and for Sudapet, and all former officers, directors, and governors for all ministries of Sudan and for Sudapet from 2010 to the present.

**RESPONSE AND OBJECTIONS:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, and not relevant to the discovery of attachable assets in the United States.  As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).  Sudan also objects to this Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.  Sudan objects to the time period of this Document Request as overly broad, unduly burdensome, oppressive, and not

proportional to the needs of the case.   Specifically, the Request calls for documents and information relating to a time period that predates the date Plaintiffs obtained their default judgment Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks lists of "all" current and former "officers, directors, and governors for all ministries" of Sudan from 2010 to the present.   This encompasses a time period prior to the cession of South Sudan and thus is not relevant to the discovery of attachable assets in the United States.   Sudan further objects to this Document Request as cumulative or duplicative of information available in the public domain.

**REQUEST NO. 11:**  All organizational documents for Sudapet and its business units, including all subsidiaries, including, but not limited to, charters and articles of association.

**RESPONSE AND OBJECTIONS:**  In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States.   As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it improperly extends the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.   Sudan objects to this Document Request to the extent that it contains no time limitation and is thus,

39

overly broad, unduly burdensome, oppressive and not proportional to the needs of the case. Sudan further objects to this Document Request as cumulative or duplicative of information available in the public domain.

**REQUEST NO. 12:** All organizational documents for Sudan's governmental ministries, sub-units, and political subdivisions.

**RESPONSE AND OBJECTIONS:** In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States. As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2). Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA, the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95, and the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan. Sudan objects to this Document Request to the extent that it contains no time limitation and is thus overly broad, unduly burdensome, oppressive, and not proportional to the needs of the case. Sudan also objects to this Document Request to the extent it calls for the creation of documents not already in existence. Sudan further objects to this Document Request as cumulative or

duplicative of information available in the public domain.   Sudan objects to the term "organizational documents" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 13:**  All corporate resolutions, board minutes, bylaws, and stock certificates for Sudapet from 2010 to the present.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States.   As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it improperly extends the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.   Sudan objects to the time period of this Document Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of the case.   Specifically, the Request calls for documents and information relating to a time period that predates the date Plaintiffs obtained their default judgment.

**REQUEST NO. 14:**  All documents concerning the authority of Sudan or any ministry or political subdivision over the activities, decision making, and any conduct whatsoever of Sudapet, including, but not limited to, the hiring, appointment, or election of officers, directors, or employees; business decisions regarding the acquisition, extraction, or sale of natural resources; lending, borrowing, or repayment of debts; working conditions and other conditions at

locations owned, operated, or leased by Sudapet; or the purchase or leasing of equipment or other physical infrastructure.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the Interrogatories, and not relevant to the discovery of attachable assets in the United States.   As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.   Sudan also objects to this Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.   Sudan objects to this Request to the extent that it contains no time limitation and is thus, overly broad, unduly burdensome, oppressive and not proportional to the needs of the case.   Sudan further objects to this Request as cumulative or duplicative of information available in the public domain.

**REQUEST NO. 15:**   All communications, contracts, memoranda of understanding, financial agreements, and bank routing instructions between Sudan and Sudapet.

**RESPONSE AND OBJECTIONS:**   In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Sudan objects to this Document Request as overly broad, unduly burdensome, oppressive, not proportional to the needs of the case, unnecessarily duplicative of the

42

Interrogatories, and not relevant to the discovery of attachable assets in the United States.   As such, the Document Request is not "[i]n aid of the judgment or execution" under Federal Rule of Civil Procedure 69(a)(2), and thus outside the scope of permissible discovery under Rules 26(b)(1) and 69(a)(2).   Sudan also objects to this Document Request as overly broad, unduly burdensome, and oppressive on the basis that it seeks information concerning assets in the United States that are immune from attachment under the FSIA.   Sudan also objects to this Request as overly broad, unduly burdensome, and oppressive on the basis that it attempts to extend the scope of Plaintiffs' Requests to documents and information in the possession, custody, or control of individuals, agencies, or entities other than Sudan.   Sudan objects to this Request to the extent that it contains no time limitation and is thus, overly broad, unduly burdensome, oppressive and not proportional to the needs of the case.

March 23, 2018                                        Respectfully submitted,

**WHITE & CASE**LLP

Christopher M. Curran (D.C. Bar No. 408561)
Nicole Erb (D.C. Bar No. 466620)
Claire A. DeLelle (D.C. Bar No. 974945)
701 Thirteenth Street, N.W.
Washington, D.C., 20005-3807
(202) 626-3600
claire.delelle@whitecase.com
cucrran@whitecase.com
nerb@whitecase.com

*Attorneys for the Republic of the Sudan and the Ministry of the Interior of the Republic of the Sudan*

43

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2018, I caused the foregoing Responses and Objections to Plaintiffs' First Post-Judgment Discovery Requests to Defendant Republic of Sudan to be served via first-class mail on the following:

Matthew D. McGill
Christopher B. Leach
Lochlan F. Shelfer
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036

Thomas Fortune Fay
Fay Law Group, P.A.
777 6th Street, N.W., Suite 410
Washington, D.C. 20001

**WHITE & CASE** LLP

_Celia A. McLaughlin_

Celia A. McLaughlin