UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES OWENS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 01-2244 (JDB) |
| | ) | |
| REPUBLIC OF SUDAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JUDITH ABASI MWILA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1377 (JDB) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RIZWAN KHALIQ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0356 (JDB) |
| | ) | |
| REPUBLIC OF SUDAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' CONSENT MOTION TO INTERVENE AS TO
WRIT OF ATTACHMENT DIRECTED TO $9,998,941.91 ASSOCIATED WITH
THE PETROLEUM TANKER NAUTIC (A/K/A GULF SKY) AND
FOR MISCELLANEOUS RELIEF RELATED THERETO**

By and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure

("Rule") 24(a)(2), the United States of America ("United States" or "Government"), respectfully

seeks to intervene in this action as to the writ of attachment (the "Writ") directed to $9,998,941.91

associated with the petroleum tanker Nautic (a/k/a Gulf Sky) (the "Funds") currently held at Wells Fargo Bank, N.A. ("Wells Fargo"), which the Court issued on May 25, 2020 (ECF No. 451), and all proceedings related thereto.  As Plaintiffs' motion for the Writ (ECF No. 450) indicated, prior to the Court issuing the Writ, the United States arrested the Funds and instituted a proceeding to forfeit them.  *See* Pls. Writ Open. Br. (ECF No. 450-2) at 10; US Forfeiture Compl., Pls. Writ Ex. 2 (ECF No. 450-3).  By virtue of those actions, and others, the United States has an interest in the Funds and seeks to intervene in this action's proceedings concerning them.

Additionally, the United States requests that the Court abstain from ruling on Plaintiffs' motion for condemnation and recovery (ECF No. 460) until the United States has an opportunity to review those papers and be heard on that motion and the Court's issuance of the Writ. Accordingly, the United States proposes that it, Plaintiffs, and Well Fargo meet and confer and submit a joint status report on or before July 10, 2020, setting forth proposals for further proceedings in this action.  Lastly, the United States requests that the Court direct Plaintiffs and Wells Fargo to provide the United States copies of their recent under seal filings concerning the Writ and the Funds (ECF Nos. 458, 460).

Prior to filing this Motion, undersigned counsel contacted counsel for Plaintiffs and Wells Fargo.  Both Plaintiffs and Wells Fargo graciously consented to the relief sought by this Motion. The grounds for this Motion are as follows.

## BACKGROUND

The Funds are the proceeds of the sale of a petroleum tanker called the "Nautic" or "Gulf Sky" by a Liberian subsidiary of a Greek company to Taif Mining Services ("Taif Mining"). Burnham Aff. in Supp. of Arrest Warrants ("Burnham Aff.") ¶¶ 23-37, Pls. Writ Ex. 3 (ECF No. 450-3).  Taif Mining purported to be an Indian company, but it is in fact a front for two Iranian individuals—Amir Abdolaziz Dianat (a/k/a Ameer Abdulaazeez Jaafar) ("Dianat") and Kamran

Ali Lajmiry (a/k/a Kamran Ali Lajmiri) ("Lajmiri")—and their companies that they created to purchase the Nautic to avoid U.S. sanctions. *Id.* ¶¶ 39-55. Taif Mining sought to pay for its purchase of the Nautic by wiring certain U.S. dollars through U.S. correspondent banks, including the Funds at issue here, without a license issued by the U.S. Office of Foreign Assets Control ("OFAC"). *Id.* ¶¶ 48-55. The wiring of the Funds was blocked and frozen by a U.S. bank. *Id.* ¶ 53. In sum, and in relevant part, U.S. sanctions prohibit U.S. banks, including correspondent banks, from transferring funds to Iran and from providing any financial services to accounts held by persons who are ordinarily residents in Iran without an OFAC license. Forfeiture Compl. ¶¶ 5-17.

After the U.S. bank blocked the Funds, the United States sought to arrest and forfeit them and other monies Taif Mining used to purchase the Nautic. *See United States v. $2,340,000.00 Associated With Petroleum Tanker Nautic*, Civ. A. No. 20-1139 (JEB) (D.D.C.) (the "Forfeiture Action"). On May 1, 2020, the United States filed its forfeiture complaint. *Id.* at ECF No. 1. That same day, the Court issued to the United States a warrant for arrest in rem. Because the Funds are in the sole control of the United States—no person can access the Funds without the consent of the United States, specifically OFAC, *see, e.g., Zarmach Oil Servs., Inc. v. Dep't of the Treasury*, 750 F. Supp. 2d 150, 157 (D.D.C. 2010) (Huvelle, J.) ("Once blocked, the assets cannot be transferred except pursuant to an OFAC license.")[1]—the issuance of the warrant arrested the

---

[1]     The Department of Justice is currently in the process of obtaining an OFAC license that would allow it to take possession of the Funds and anticipates receiving that license in the immediate future, which would unblock the Funds for purposes of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(d)(2)(B)(i), 116 Stat. 2322, 2339-40. *See Wyatt v. Syrian Arab Republic*, 83 F. Supp. 3d 192, 197 (D.D.C. 2015) (Lamberth, J.) (funds were not subject to attachment or condemnation under TRIA as "blocked" funds when, during proceeding, OFAC issued a license); *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 624 (7th Cir. 2015) (funds were not subject to attachment or condemnation under TRIA as "blocked" funds when United States held OFAC license to effect their forfeiture).

Funds.  *See* Fed. R. Civ. P. Supp. G(3)(b)(i), G(3)(c)(ii)(A).  Through the Forfeiture Action, the United States seeks to obtain clean title to the Funds, which would allow it to place the Funds into the compensation fund created by, and pursuant to the provisions of, the U.S. Victims of State Sponsored Terrorism Act, as amended, 34 U.S.C. § 20144.  The compensation fund provides an orderly process to distribute funds to and compensate all victims of terrorism, obviating the need for collection efforts in specific cases and the concomitant race to attach available and collectable assets.[2]  *See generally* U.S. Victims of State Sponsored Terrorism Fund, https://www.justice.gov/criminal-mlars/usvsst (Last visited July 3, 2020).  The United States understands that Plaintiffs in this action are registered claimants for purposes of the compensation fund.

On May 22, 2020, Plaintiffs filed their motion for the Writ in this action, relying almost exclusively on the United States' forfeiture complaint, affidavit in support of its motion for arrest warrants for Dianat and Lajmiri, and a Wall Street Journal article identifying the U.S. bank holding the Funds as Wells Fargo.  *See* Pls. Writ Mot. (ECF No. 450).  The Court granted Plaintiffs' motion three days later.  *See* Order of 5/25/2020 (ECF No. 451).  Plaintiffs served the Writ on Wells Fargo on June 18, 2020.  *See* Notice of 6/24/2020 (ECF No. 459).  Wells Fargo filed its response to the Writ on June 24, 2020, Plaintiffs moved to condemn and recover the Funds on June 29, 2020, and the Court ordered Wells Fargo to respond to Plaintiffs' motion by July 6, 2020.

---

[2]     Of note, on September 4, 2019, another terrorist-victim plaintiff group—the plaintiffs in *Davis v. Islamic Republic of Iran*, Civ. A. No. 07-1302 (RCL) (D.D.C.)—served a subpoena with restraining notice on Wells Fargo in the miscellaneous proceeding the *Davis* plaintiffs brought to record their judgment in New York.  *See Davis v. Islamic Republic of Iran*, Misc. No. 13-0046 (S.D.N.Y.); Subpoena & Notice to Wells Fargo, attached hereto as Exhibit A.  That subpoena and notice invoked New York Civil Practice Law and Rules ("CPLR") Section 5222(b) and purports to forbid Wells Fargo from transferring any funds in its possession belonging to the Islamic Republic of Iran or the Iranian Ministry of Information and Security, except as directed by a court or sheriff, until September 20, 2020, or until the *Davis* judgment is satisfied, whichever occurs first.  Subpoena & Notice to Wells Fargo, attached hereto as Exhibit A.

On June 30, 2020, Plaintiffs filed a verified claim in the Forfeiture Action, which is pending before Judge Boasberg. *See* Forfeiture Action, Civ. A. No. 20-1139 (JEB) (D.D.C.), ECF No. 4. In that claim, Plaintiffs contend that they have a security interest in the Funds senior to that of the United States because of the Writ. *See id.*

## ARGUMENT

Rule 24(a)(2) allows "anyone to intervene" in an action who, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Here, the United States satisfies each of these conditions as Plaintiffs' and Wells Fargo's consent to the United States' intervention reflects. *See generally Curry v. Vanguard Ins. Co.*, 923 F.2d 484, 485 (6th Cir. 1991) (noting United States was permitted to intervene in insurance dispute due to its interest arising from its attempts to forfeit the insured property); *Counihan v. Allstate Ins. Co.*, 907 F. Supp. 54, 56 (E.D.N.Y. 1995) (same).

*First*, the United States' motion is timely. The Court has yet to rule on Plaintiffs' motion to condemn and recover. And as evident from their consent, no party will be prejudiced by the United States' intervention in this matter.

*Second*, the United States claims an interest in the Funds. Indeed, the United States (i) has actual control of the Funds by virtue of them being blocked and, separately, because it has arrested them; and (ii) alleges that the Funds are subject to being forfeited to the United States.

*Third*, this action could impair the United States' rights to forfeit the Funds. To be sure, the United States may raise certain additional arguments in the Forfeiture Action that Plaintiffs' Writ, even if left intact, does not give Plaintiffs a sufficient interest in the Funds that would prevent their forfeiture. That said, if the Writ is left intact—which the United States believes is

inappropriate, including because the Court reached certain erroneous factual conclusions in issuing the Writ—it would deprive the United States of additional arguments in the Forfeiture Action and impair its ability to forfeit the Funds.

*Fourth and lastly*, no party currently in this action represents the interests of the United States.

Were the Court to permit the United States to intervene, the United States requests that it be served with the parties' recent under seal filings and be provided a period of time to meet and confer with Plaintiffs and Wells Fargo to make proposals for further proceedings in this matter.

Lastly, the United States asks the Court to dispense with the requirement that the United States file a Rule 7(a) "pleading" in this matter as contemplated by Rule 24(c).  The United States seeks not to intervene as to Plaintiffs' underlying complaint.  Instead, the United States seeks to intervene solely as to an action taken by Plaintiffs to collect on their underlying judgment, an issue on which no party has filed a Rule 7(a) pleading.  Accordingly, the United States does not believe a pleading is necessary or appropriate.  *See, e.g., Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004) (excusing intervenor's failure to file a pleading, noting that "technical" procedural requirement of including a pleading should not be strictly enforced especially "where a judgment had already been rendered"); *Windsor v. United States*, 797 F. Supp. 2d 320, 326 (S.D.N.Y. 2011) (waiving requirement for intervenor to file pleading when motion put parties on notice of its interest); *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005) (intervenor's pleading requirement may be excused).

\*    \*    \*

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should (i) permit the United States to intervene as of right in proceedings regarding the Writ and the Funds without filing a Rule 7(a) pleading, (ii) direct Plaintiffs and Wells Fargo to serve the United States with their recent under seal filings (ECF Nos. 458, 460), and (iii) order Plaintiffs, Wells Fargo, and the United States to meet and confer and file a joint status report containing proposals for further proceedings on or before July 10, 2020.  A proposed order is enclosed herewith.

Dated: July 6, 2020
      Washington, DC

                                   Respectfully submitted,

                                   MICHAEL R. SHERWIN
                                   Acting United States Attorney

                                 By: _____/s/_____
                                     BRIAN P. HUDAK
                                   ZIA M. FARUQUI, D.C. Bar #494990
                                   555 Fourth Street, NW
                                   Washington, DC 20530
                                   (202) 252-2549

                                   *Attorneys for the United States of America*